UNITED STATES ex rel. GLAVAS v. WILLIAMS, Commissioner of Immigration.

(Circuit Court, S. D. New York. February 3, 1911.)

1. HABEAS CORPUS (§ 96*)—EXCLUSION OF ALIENS—HEARING.

Whether an admission was obtained from an alien on which he was excluded through plying him with liquor and by threats was wholly a question of fact for the executive authorities, with whose decision this court would have no right to interfere.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 81; Dec. Dig. § 96.*]

2. HABEAS CORPUS (§ 23*)—EXCLUSION OF ALIENS.

The court on habeas corpus in deportation proceedings can interfere only where the immigrant has been denied a right accorded to him by the statute itself, or when it appears as matter of law that the relator is not an alien; but, if it appears that he is an alien and has been accorded the right to call witnesses, to be represented by counsel, to have a hearing before a designated tribunal, and a chance to present his side, his exclusion cannot be set aside.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

Habeas corpus by the United States, on relation of Georgios Glavas, against William Williams, United States Commissioner of Immigration at the Port of New York. Dismissed. Petitioner remanded.

Daniel Walton, for the United States.
George C. d'Arcy, for defendant.

HAND, District Judge. The affidavits presented by the petitioner upon the return to the writ may be regarded as a traverse to it, but they do not show any ground for the jurisdiction of this court. The relator was given ample opportunity by counsel to appear and present the testimony affecting the admission which was alleged against him, or any other evidence he had to offer, and he chose not to do so.

[1] The question whether the admission was obtained, through plying him with liquor, and by threats, was wholly a question of fact, for

the executive authorities, with whose decision this court would have no right to interfere, had any such evidence been presented.

The alien is deported, among other reasons, as a person likely to become a public charge. Having been accorded a hearing, such as is required under the Japanese Immigration Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721, the court cannot inquire as to whether there is any evidence at all, which would justify the board in coming to that conclusion as matter of fact, or matter of law.

[2] As I understand the decisions of the Supreme Court, the only cases in which a court may interfere are those in which the immigrant has been denied some right accorded him by the statute itself, or in case the facts appear without contradiction from which as matter of law it follows that he is not an alien at all. Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 171, 48 L. Ed. 317; U. S. v. Wong Kim, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890. Even the determination of that question, if it depends upon disputed facts, seems to be within the control of the executive (U. S. v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040), nor do I understand that even an abuse of authority is reviewable, provided that a hearing be given and certain elementary procedural rights are observed in form. The Japanese Immigrant Case, supra, came up on demurrer to a traverse alleging that the hearing was "pretended," and that the relator did not know what the inquiry was about. This I interpret as meaning that abuse of their powers by the authorities is a matter only of executive discipline provided that the requisite forms are not violated. If so, it is quite clear that there is no such review as comes up on motion for a nonsuit in an action at law before a jury, and that the fact that the record has no evidence justifying the result in law is no ground for discharging the alien. Therefore I do not here examine the question of whether there is any evidence whatever in the writ which could possibly justify the Secretary of Commerce and Labor in deporting the relator, either as one admitting that he had committed a crime, or as one likely to become a public charge, because both those questions I hold to be without my jurisdiction. If this be so, it becomes unnecessary to determine whether the admission of having committed a crime involving moral turpitude mentioned in section 2 of the act must take place at the time of the hearing or may occur before. It also renders unnecessary a determination whether the admission actually made upon the hearing by the relator was an admission of the commission of such a crime. It is enough that the relator is an alien and that he has been accorded the opportunity to call witnesses, to be represented by counsel, to be informed of what is charged against him, and to have a hearing before the designated tribunal and a chance to present his side. All these he has, and that takes the matter away from a court.

Writ dismissed. Petitioner remanded.