UNITED STATES ex rel. BUCCINO et al. v. WILLIAMS, Com'r of Immigration.

(Circuit Court, S. D. New York. October 10, 1911.)

1. ALIENS (§ 54*)—EXCLUSION OF IMMIGRANTS—REVIEW OF ORDER OF IMMIGRATION OFFICERS.

Where the board of immigration inspectors have an alien immigrant before them so that they may themselves inspect and examine him, there is sufficient evidence to warrant his exclusion on the ground that he is liable to become a public charge if in their discretion they reach such conclusion, and their order to that effect cannot be set aside by the courts as unsupported.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

---

2. ALIENS (§ 54*)—IMMIGRANTS—EXAMINATION BY INSPECTORS.

On the examination of an alien immigrant by the board of inspectors in respect to his qualifications for admission, he is not entitled to be represented by counsel.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

3. ALIENS (§ 54*)—IMMIGRANTS—EXAMINATION BY INSPECTORS—RIGHT TO COUNSEL—TREATY WITH ITALY.

The provision in the treaty of commerce and navigation between Italy and the United States ratified April 29, 1871 (17 Stat. 856, art. 23), giving citizens of either party free access to the courts of justice of the other, with the right to employ counsel in all trials at law, has no application to the examination by the board of immigration inspectors of incoming Italian aliens with respect to their qualifications.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Habeas corpus by the United States, on relation of Thomas Buccino and Salvatore Buccino, against William Williams, Commissioner of Immigration at the port of New York. Writ denied.

This cause comes here upon habeas corpus, sued out by relators, who are Italian aliens, seeking to enter this country, and who are held by the immigration officers for return to the country from which they came. Thomas is 48 years of age. His son Salvatore is 11. The board of special inquiry, three inspectors sitting, held that they were liable to become public charges, and they were ordered deported. Appeal was taken to the Secretary of Commerce and Labor, and decision affirmed. Subsequently, for what reason does not appear. a rehearing was ordered. This was heard by three inspectors other than those who composed the first board. They had the aliens before them, took some testimony, and reached the same conclusion as the first board. Their finding was transmitted to the Secretary with the record and approved by him.

Hobart S. Bird, for petitioners.
Daniel Day Walton, Jr., Asst. U. S. Atty., for respondent.

LACOMBE, Circuit Judge (after stating the facts as above). Upon the hearing petitioner withdrew all charges in the petition against the good faith and conduct of the immigration officers, resting application upon three propositions only, viz.:

(1) That the finding of the board that the alien was likely to become a public charge was a nullity for the alleged reason that the board had no evidence before it tending to sustain such finding.

(2) That upon the examination of the alien before the board he was denied the privilege and right to appear by counsel.

(3) That in examining into the alien's qualifications without counsel he was deprived of a right secured to him by a treaty between this country and Italy.

[1] 1. As to the first of these propositions, the board had before it the certificate of the examining surgeons that Thomas Buccino was undersized, and "had varicose veins of the left leg which affects his ability to earn a living." Moreover, the alien was present in person, and they had opportunity during the examination which they conducted to form an opinion as to his physical and mental qualifications for earning a livelihood. Ever since the decision of the Supreme Court in Nishimura Ekiu v. United States, 142 U. S. 651, 12 Sup. Ct.

336, 35 L. Ed. 1146, it has, so far as I know, been held in this circuit that, if the board of inspectors had the alien before them so that they might themselves inspect and examine him, there was sufficient before them to warrant his exclusion on the ground that he was liable to become a public charge if in their discretion they reached such a conclusion. Nothing which has been presented on this argument persuades me to reverse this holding. It seems to me at least to be in strict conformity to the rule enunciated in the Ekiu Case and to the proposition enunciated in a host of other cases that the decisions of these boards are not to be set aside by the courts, because they think the weight of testimony does not support the board's conclusion. Speaking for myself, I may also say that, if I were a member of one of these boards of inspection, I should find the statements of relatives and friends that they would look after the new-comer far less persuasive than the enlightenment as to his qualifications to support himself which I might obtain from seeing and talking with him.

[2] 2. No authority is cited which sustains the proposition that upon the examination of an alien arriving in this country by the board of inspectors he is entitled to be represented by counsel. In Ex parte Loung June (D. C.) 160 Fed. 251, and in Re Tang Tun (D. C.) 161 Fed. 618, the relators were contending that they were native-born citizens. In Glavas v. Williams, 190 Fed. 686 (C. C. S. D. of N. Y. Feb. 3, 1911), the question was not passed upon. In Bosny v. Williams, 185 Fed. 598, an attempt was being made to deport aliens who had been permitted to enter and had lived here for years. There is nothing in the statute which calls for the presence of counsel at the examination of aliens preliminary to admission; nothing to indicate that it was the intent of Congress that these investigations in hundreds of thousands of cases touching the qualifications of an alien seeking to enter were to be conducted as trials in court, with counsel present to represent the alien, witnesses called to testify, and elaborate examination and cross-examination of them. On the contrary, Congress relegated this question to administrative boards who might act summarily and expeditiously, and, to provide against an abuse of their discretion, accorded to the alien a right of appeal to the Secretary of Commerce and Labor. Nor do the rules provide for the presence of counsel at such examinations. The only rule cited regulates the amount of fees which the attorney of an alien may exact. I can find in the record the denial of no right which the laws of this country accord to the alien.

[3] 3. The treaty of commerce and navigation with Italy, ratified April 29, 1871 (17 Stat. 856), contains the following clause (article 23), to which petitioner refers:

"The citizens of either party shall have free access to the courts of justice, in order to maintain and defend their own rights, without any other conditions, restrictions, or taxes than such as are imposed upon the natives; they shall, therefore, be free to employ, in defense of their rights, such advocates, solicitors, notaries, agents and factors, as they may judge proper, in all their trials at law, and such citizens or agents shall have free opportunity to be present at the decisions and sentences of the Tribunals, in all cases which may concern them; and likewise at the taking of all examinations and evidences which may be exhibited in the said trials."

These boards of inspectors are not "courts of justice," nor are the examinations by them of incoming aliens touching their qualifications "trials at law." There is nothing in the treaty which secures to Italian aliens seeking to enter this country any rights superior to those possessed by aliens of other races.

The writ is dismissed and relators remanded to the immigration officers.