UNITED STATES ex rel. ARONOWICZ v. WILLIAMS, Immigration Com'r.

(District Court, S. D. New York. May 2, 1913.)

1. HABEAS CORPUS (§ 23*)—DEPORTATION OF ALIENS—BOARD OF SPECIAL INQUIRY—FINDINGS—CONCLUSIVENESS.

A finding of the board of special inquiry, based on the report of official medical officers, that an alien, seeking to enter, was a feeble-minded person, and therefore subject to deportation, was conclusive, as provided by Immigration Act Feb. 20, 1907, c. 1134, § 10, 34 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 505), notwithstanding the opinions of other physicians to the contrary; the court having no jurisdiction to determine such an issue on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. HABEAS CORPUS (§ 54*)—PETITION—REQUISITES.**

> A petition for habeas corpus to review the exclusion of an alien, after alleging that petitioner was excluded by the board of special inquiry on the ground that she was insufficiently developed mentally, alleged that petitioner has been informed and verily believed that all the acts and proceedings of the board were illegal, void, null, and wanting in jurisdiction in respect to the said petitioner, and contrary to the rules, regulations, and statutes in pursuance of the Constitution of the United States. *Held*, that such allegations were mere conclusions, and that the petition was insufficient for want of facts.

> [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. § 54.*]

Habeas corpus to review exclusion of immigrant.

LACOMBE, Circuit Judge. The relator is a girl of 17, who came here with her parents. She was examined by three of the official medical officers, who certified that she was feeble-minded. Thereupon the board of special inquiry examined her, and, basing their conclusion upon the certificate which was before them, found that this alien came within the excluded classes, being a "feeble-minded person." Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 500).

[1] Counsel for relator presents affidavits made by two physicians, who have visited her at Ellis Island, and who swear that in their opinion she is not feeble-minded, but in perfect health, physically and mentally. Upon the strength of this, counsel asks for a reversal by this court of the decision of the board. The respondent has also presented the report of an expert alienist physician, confirming the conclusions of the official examining surgeons, and stating the observations which induced his conclusion. That was wholly unnecessary. This court has no authority to dispose of any such controversy. If relator's counsel had taken the trouble to read the Immigration Act of 1907 before making his application, his clients might have been saved the expense of this futile examination and argument. By the tenth section of the act it is provided that a decision of the board of special inquiry, based upon the certificate of the examining medical officer, shall be final as to the rejection of aliens afflicted with any mental disability which would bring such alien within any of the classes excluded from admission under section 2. The courts cannot retry the question.

[2] Moreover, the petition for the writ is itself insufficient. It asserts that the alien was excluded by the board of special inquiry on the ground that she was not sufficiently mentally developed, and states that the petitioner, her father, believes she is in good health and is willing to provide for her. These averments indicate no reason why the finding of the board should be questioned. The petition then charges:

> "That your petitioner has been informed and verily believes that all the acts and proceedings of the aforesaid board of inquiry were illegal, void, null, and wanting in jurisdiction in respect to said Kennie Aronowicz, and contrary to the rules, regulations, statutes, and Constitution of the United States."

These allegations scrupulously avoid stating a single fact upon which it will be contended the board of special inquiry were without jurisdiction or acted illegally. Such general averments of legal conclusions, without the slightest indication of the facts on which they are predicated, have been held by the Supreme Court insufficient to support a writ of habeas corpus. Craemer v. Washington State, 168 U. S. 129, 18 Sup. Ct. 1, 42 L. Ed. 407. See, also, Low Wah Suey v. Backus, 225 U. S. 473, 32 Sup. Ct. 734, 56 L. Ed. 1165. If the government had moved on the petition itself to dismiss the writ, such relief would not have been inappropriate.

The writ is dismissed.