UNITED STATES ex rel. KUTAS v. WILLIAMS, Immigration Com'r.

(District Court, S. D. New York. May 2, 1913.)

1. HABEAS CORPUS (§ 23*)—DEPORTATION OF ALIENS—REVIEW—FINDINGS OF BOARD OF SPECIAL INQUIRY.

Findings of a board of special inquiry that an alien, applying to enter, was afflicted with lack of physical development for his age, which affected his ability to earn a living, and, having only $20 on arrival, was likely to become a public charge, were conclusive, and not reviewable on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*

Scope of review on habeas corpus to procure release of persons sought to be extradicted, see note to Bruce v. Rayner, 62 C. C. A. 506.]

2. HABEAS CORPUS (§ 85*)—EXCLUSION OF ALIENS—EVIDENCE—BOND TO SUPPORT.

Where an alien, applying to enter, was found to lack physical development for his age, and excluded because he was liable to become a public charge, an affidavit by his cousin, who was a responsible person in business in the United States, offering to enter into a legal obligation with sufficient sureties that the alien would not become a public charge, could not be considered on a writ of habeas corpus to review the order of deportation; its acceptance being discretionary with the Secretary of Labor, as provided by Immigration Act Feb. 20, 1907, c. 1134, § 26, 34 Stat. 906 (U. S. Comp. St. Supp. 1911, p. 515).

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.*]

Habeas corpus and certiorari to review action of the immigration authorities.

LACOMBE, Circuit Judge. [1] Relator was excluded upon a finding of the board of special inquiry that he is liable to become a public charge. The record shows that he came here alone; his passage being paid by his parents in Russia. Upon arrival he had $20. He has two brothers, who are employed here, one earning $25, the other $15, a week, who offer to take care of him; but neither is under any legal obligation to support him. The three examining surgeons certify that they found him "to be afflicted with lack of physical development for the age he claimed to be, sixteen, which affects his ability to earn a living." Upon this certificate and their own observations of the alien, who was examined before them, the board reached the conclusion above indicated. Such conclusion is final. This court has no jurisdiction to review or modify it. See opinions filed to-day in Cases of Aronowicz, 204 Fed. 844, and Goncaloes, 204 Fed. 846.

[2] An affidavit has been submitted made by a responsible person in business here, who is a cousin of the relator, and who offers to enter into a legal obligation, with sufficient sureties, that relator will not become a public charge. Such an offer, however, is not one that

the court can consider. Its acceptance is discretionary with the Secretary of Labor. Section 26, Immigration Act.

The writ is dismissed, and relator remanded to the immigration authorities.