UNITED STATES ex rel. LA FATA v. WILLIAMS, Immigration Com'r.

(District Court, S. D. New York. May 2, 1913.)

ALIENS (§ 54*)—DEPORTATION—GROUNDS—PHYSICAL DEFECT—MEDICAL REPORT—REVIEW.

Immigration Act Feb. 20, 1907. c. 1134, § 10, 34 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 505), provides that the decision of the board of special inquiry, based on the certificate of the examining medical officers, shall be final as to the rejection of aliens affected with any physical disability which would bring such alien within any of the excluded classes. *Held*, that where an alien 36 years of age, with only $40, applying to enter the United States, was examined by three medical officers, who certified that he was afflicted with valvular heart disease which affected his ability to earn a living, on which the board found that the applicant was liable to become a public charge, such finding was conclusive on the courts, notwithstanding a certificate by an independent physician that the valvular insufficiency of the heart was very slight, and otherwise he was in normal health.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Habeas corpus to review exclusion of immigrant.

LACOMBE, Circuit Judge. The alien, aged 36, arrived here with $40. He was examined by three official medical officers, who certified that he was "afflicted with valvular disease of the heart, which affects ability to earn a living." He then came before the board of special inquiry, which, after examining him and considering the certificate, found that he was liable to become a public charge, and that he had a physical defect which may seriously affect his ability to earn a living.

Relator's counsel seems to assume that this court will review the conclusion of the board, based upon the certificate of the medical officers, and has presented a letter from a physician, not in government service, who has examined the man and writes that, except for a very slight valvular insufficiency, he is in normal health. The government also presents the opinion of another independent physician, confirming the conclusion of the government medical officers. This will be found in the papers in the Aronowicz Case, 204 Fed. 844, decided yesterday. This court has no jurisdiction to decide such a controversy. The act (section 10) makes the certificate of the official medical officers "final as to rejection of the alien."

The recent Cases of Castro (D. C.) 203 Fed. 155, and Mylius (D. C.) 203 Fed. 152, on which relator's counsel relies, have no bearing whatever on the proposition now before the court.

The writ is dismissed, and relator remanded to immigration authorities.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes