## Ex parte SITNER.

(District Court, D. Massachusetts. July 14, 1913.)

### No. 758.

ALIENS (§ 53*)—DEPORTATION—IRREGULARITIES IN PROCEEDINGS—EFFECT.

Where an alien, rejected by the board of special inquiry, was by mistake of the janitor at the detention station allowed to go at large, and was arrested under a departmental warrant, his rights were not changed and since he was within the control of the immigration authorities, and it not being disputed that he was never legally allowed to land, irregularities in the warrant proceedings were immaterial.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 53.*]

Petition for a writ of habeas corpus by Simon Sitner. Petition denied without prejudice.

See, also, 212 Fed. 572.

William H. Lewis, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. Sitner is an alien immigrant who is now held by the immigration authorities at the Port of Boston for deportation.

His case was heard before a board of special inquiry. A medical certificate was presented certifying that the applicant was feebleminded and of defective vision. The board thereupon made the following decision: "Debarred 1–12 P. M.—feeble-minded."

After this the applicant was by mistake of the janitor at the detention station released from detention and allowed to go at large. He was later arrested under a departmental warrant, and his case was again heard upon the issue whether he was unlawfully in the country. He was examined by a board of three surgeons, who certified that they "found him to present such a degree of mental deficiency as to justify certification as feeble-minded in accordance with official instructions governing the medical examination of aliens." The assistant commissioner made the following "Summary and Findings":

"I find that Simon Sitner is an alien, subject of the Czar of Russia; that he arrived ex s. s. Franconia, May 8, 1913, was held for hearing before the board of special inquiry. A certificate was issued in his case, reading 'feebleminded and defective vision.' He was therefore excluded as a member of the mandatory excluded classes. Pending his deportation he was released through carelessness, being allowed to leave the station with other discharged aliens. He was subsequently apprehended and a hearing given him under warrant regulations.

"No new evidence has been presented at the latter hearing which would in any manner affect the former decision of the board of special inquiry. The decision of the medical examiner is controlling, and the said certificate is further strengthened and fortified by the report of the medical board, sitting this day, May 20, 1913.

"I therefore recommend deportation."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The fact that Sitner was by mistake allowed to enter the country and to go at large before the order for his deportation had been carried out does not, I think, change his rights. He has never been legally admitted to this country. The situation is that he is again in custody, within the control of the immigration authorities, who are now in a position to enforce the first order of exclusion. The only fact material to this case settled by the warrant proceedings, viz., that Sitner was never legally allowed to land, is not in controversy. The irregularities in those proceedings are therefore immaterial. U. S. ex rel. Rosen v. Williams, 200 Fed. 538, 118 C. C. A. 632; Siniscalchi v. Thomas, 195 Fed. 701, 115 C. C. A. 501. The case seems to me essentially different from one in which the alien had been permitted to land by the proper authorities, in which event the warrant proceedings would be the basis for his deportation. While the defendant's answer sets up only the warrant, and does not refer to the prior order of exclusion, the record returned shows that such an order was made and is in force.

No evidence has been presented which justifies a finding that the Board of Special Inquiry acted unfairly. U. S. ex rel. Aronowicz v. Williams (D. C.) 204 Fed. 844.

The only doubt which I have about the case arises from the fear, based on what was said at the argument, that the immigration authorities felt bound by the medical certificate, which, as pointed out in the opinion in Nora Joyce's Case, 212 Fed. 285 (filed herewith), is not a correct view of the law. The petition will therefore be denied, but without costs, and without prejudice to the petitioner's right to file a new petition, if he expects to establish that the immigration authorities acted under an erroneous view of the law.