Ex parte PUGLIESE.

(District Court, W. D. New York. July 24, 1913.)

HABEAS CORPUS (§ 23*) — DEPORTATION OF IMMIGRANT — CONCLUSIVENESS OF FINDINGS OF SECRETARY OF LABOR.

The decision of the Secretary of Labor, based on substantial evidence, that an alien immigrant, at the time of entering the United States, was a person likely to become a public charge is not reviewable by the courts in habeas corpus proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

On application by Maria Pugliese for writ of habeas corpus. Petition denied.

John Lord O'Brian, U. S. Atty., of Buffalo, N. Y.

Zimmer, Sanford & Zimmer, of Rochester, N. Y., for petitioner.

HAZEL, District Judge. The relator was excluded from the United States upon a finding that she was at the time of her entry a person likely to become a public charge; that she entered the United States for immoral purposes; and that she gained admission by means of false and misleading statements. The evidence taken before Inspector Martin was sufficient to show that at the time of her entry the relator was likely to become a public charge. It is now well established that the Secretary of Labor is empowered to pass on the evidence presented as to the right of an alien to remain in this country and to determine its validity, weight, and sufficiency.

The relator landed here with one Loguitice on May 9, 1911, occupying the same stateroom with him aboard the vessel and living with him at Rochester, N. Y., as his wife for seven or eight months thereafter. She had no means of her own upon her arrival; her passage having been paid by her paramour, who was not legally bound to support her, and who has since deserted her. And, although she has a brother in this country, he likewise is not obliged to provide for her and his willingness to do so is wholly immaterial. United States ex rel. Kutas v. Williams (D. C.) 204 Fed. 847. As her right to remain in this country rested upon the question of whether or not at the time of entering she was likely to become a public charge, and as it is shown that she entered for immoral purposes with a man not legally bound to support her, I think, in view of her subsequent dependence upon the charities of the city of Rochester, that the evidence is sufficient to sustain the charge specified in the warrant. In any event, the conclusion of the acting Secretary of Labor is well founded and must be considered as final without power in this court to review or modify it. United States ex rel. Aronowicz v. Williams (D. C.) 204 Fed. 844.

The petition for a writ of habeas corpus is dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes