## Ex parte ROKIYI TAMBARA.

(District Court, W. D. Washington, N. D.   October 19, 1923.)

### No. 7845.

1. **Aliens ☞54—Excluded after fair hearing not dischargeable on habeas corpus.**
    If an alien has been found on competent evidence after a fair hearing to belong to an excluded class, a court is without jurisdiction to discharge him on habeas corpus.

2. **Aliens ☞49—Admission of physically defective alien not warranted by offer of employment.**
    Where an alien is required by the statute to be excluded because of a physical defect, which may affect his ability to earn a living, his admission is not authorized by an offer to give him employment at remunerative wages.

Habeas Corpus. On petition of Rokiyi Tambara for writ to secure relief from order of deportation. Denied.

James Kiefer, of Seattle, Wash., for petitioner.
Thomas P. Revelle, U. S. Atty., and De Wolfe Emory, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge. The petitioner was denied admission by the board of special inquiry, which was affirmed on appeal by the Secretary of Labor. A further hearing was granted by the board, and the former order reaffirmed. He petitions for release on a writ of habeas corpus, on the ground that he was denied a fair trial. The petitioner was excluded on the "ground that he is physically defective and a person likely to become a public charge." The testimony shows that the petitioner is partially deaf. The following is in the record:

"This applicant appears to be very deaf. During the hearing it was necessary for the interpreter to speak loudly, directly into applicant's ear, to enable him to understand the questions. He was unable to hear the ticking of a watch held within one inch of either ear."

It also appears that:

"It is very difficult for the interpreter to make the applicant understand oral questions, and a part of the questions are propounded to him by writing."

The examining surgeon certifies as follows:

"This is to certify that the above-described person has this day been examined, and is found to be afflicted with deafness with such a degree as to interfere with his ability to earn a living."

Upon rehearing it was shown that, while the petitioner was in the United States some three or four years ago, he was employed at $4 per day; that his deafness at that time did not interfere with the work in which he was engaged. There is also an offer in the record by the manager of the Teikoku Company, of Portland, Or., to give him "a permanent job, a job that will pay wages sufficient for him to be free and independent."

[1, 2] There is nothing in the record to indicate that the petitioner was not accorded a fair trial. U. S. v. Williams (C. C.) 190 Fed. 897. And that limits the court's jurisdiction. Chin Yow v. U. S., 208 U. S. 11, 28 Sup. Ct. 201, 52 L. Ed. 369. Section 3 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), excluding aliens, among other things provides:

" * * * Such physical defect being of a nature which may affect the ability of the alien to earn a living shall be excluded."

The board was strictly within the provisions of the law. To admit the alien because of the offer of employment is without warrant of law. Wallis v. U. S. (C. C. A.) 273 Fed. 509; U. S. v. Williams (D. C.) 204 Fed. 844.

The writ is denied.