UNITED STATES ex rel. FALCO v. WILLIAMS, Immigration Com'r.

(Circuit Court, S. D. New York. November 14, 1911.)

1. ALIENS (§ 54*)—IMMIGRANTS—HEARING BEFORE BOARD OF SPECIAL INQUIRY.

An alien immigrant is not entitled to be represented by counsel at a hearing before a special board of inquiry as to his qualifications for admission.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

2. ALIENS (§ 54*)—IMMIGRANTS—APPEAL FROM ORDER OF EXCLUSION.

That additional testimony as to the qualifications of an alien immigrant to enter the United States was taken pending an appeal by him to the Secretary of Commerce and Labor and submitted to the Secretary does not affect the validity of his decision.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Habeas corpus by the United States on the relation of Carmelo Falco, against William Williams, Commissioner of Immigration at the port of New York. Writ denied.

Hobart S. Bird, for petitioner.
Henry A. Wise, U. S. Atty., for respondent.

LACOMBE, Circuit Judge. Falco is an alien immigrant, an Italian subject seeking admission to the United States. He arrived at New York by steamer from Palermo on September 22, 1911, and stated that he was bound for Hamilton, in the Dominion of Canada. By some arrangement between the two countries, Canadian immigration officials are allowed to be present at Ellis Island, where aliens seeking admission to Canada are brought and to make such examination of them as may be necessary to determine whether they could be admitted into the Dominion. For reasons, which presumably were satisfactory to them and with which this court has nothing to do, the Canadian authorities held that Falco must be excluded from admission to the Dominion of Canada. That decision, of course, did not entitle the relator to be set at large in the United States in the event of his electing to stay here, instead of returning to Italy, upon being excluded from Canada. He thereupon applied for admission to the United States, and in due course was given a hearing before a board of special inquiry. That board held unanimously that he "should be excluded as a person likely to become a public charge. He is now seeking admission to the United States, and has been rejected by the Canadian representative. He has but $5. No one in the United States is legally obligated to assist him in case of need, and, if admitted, there is a likelihood of him becoming a public charge." A subsequent hearing was also had before another board of special inquiry, composed of inspectors who did not sit on the first board, which unanimously reached the same conclusion. An appeal was taken to the Secretary of Commerce and Labor, who affirmed the excluding decision of the board and ordered deportation.

The relator contends:

(1) That the agreement under which the Canadian immigration officials are allowed to examine immigrants en route for Canada at this port is contrary to law and a violation of the acts of Congress.

The question thus presented has not the slightest connection with the only question before this court, viz., whether the relator should be admitted to the United States.

(2) That relator was not accorded a bona fide hearing, but was deported "solely because he had been rejected by the Canadian representative."

Examination of the record shows that this statement is false.

(3) That the order of deportation was made without any evidence having been adduced tending to show that the alien came within any of the excluded classes.

Examination of the record shows that this statement is also false.

[1] (4) That he was not represented by counsel at the hearing before the board.

A similar objection was disposed of in Re Buccino, 190 Fed. 897 (October, 1911).

[2] (5) That he was denied the right to an opportunity to be heard upon the appeal to the Secretary of Commerce and Labor. The ob-

jection really seems to be that while the appeal was pending additional testimony was taken and submitted to the Secretary. This objection is wholly without merit.

The writ is dismissed, and relator remanded.