Ex parte CHAN FOOI.

(District Court, N. D. California, First Division. September 22, 1914.)

No. 15661.

1. ALIENS (§ 28*)—EXCLUSION OF CHINESE—STATUTES—CONSTRUCTION.
    Chinese Exclusion Act (Act May 6, 1882) c. 126, § 6, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 (U. S. Comp. St. 1913, § 4293), providing for the presentation of certificates of identification by Chinese persons other than laborers seeking admission to the United States, executed by Chinese authority and viséed by the indorsement of the United States diplomatic representative in the country from which it issues, etc., declares that such certificate so viséed shall be prima facie evidence of the facts set forth therein, and shall be the sole evidence permissible "on the part of the person so producing the same to establish a right of entry." Section 12 declares that no Chinese person shall be permitted to enter the United States without producing to the proper Chinese inspector the certificate in the act required by persons seeking to land from a vessel. Held, that section 6 should not be construed to make the certificate the sole evidence permissible only on the part of the persons producing the same, so as to exempt from such provision a minor claiming the right to enter the United States because his father was a regularly domiciled Chinese merchant in the United States; the intention of Congress being that no person falling within section 6 may be allowed to enter without the required certificate.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 88–90; Dec. Dig. § 28.*]

2. ALIENS (§ 25*)—CHINESE PERSON—MINOR—PRODUCTION OF CERTIFICATE.
    Where petitioner, at the time he sailed from China for the United States, was entitled to enter as the minor son of a regularly domiciled Chinese merchant of San Francisco, but such right was lost because of the death of his father, which occurred eight days before petitioner's arrival, he was not entitled to enter as a student or merchant without the certificate required by Chinese Exclusion Act, § 6.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. § 25.*]

Application for a writ of habeas corpus for and on behalf of Chan Fooi. On demurrer to petition. Demurrer sustained, and writ denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Catlin & Catlin, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Chan Fooi, designated herein as petitioner, according to the averments of the petition for a writ of habeas corpus presented on his behalf, is the minor son of Chan Sing, late a regularly domiciled Chinese merchant of San Francisco, who died on March 15th of this year. Prior to his father's death, and on March 2d petitioner, being then less than 19 years of age and a native resident of China, embarked therefrom for San Francisco on the steamship Korea, intending to avail himself of his right to enter this country as the minor son of a resident merchant. The vessel, however, did not arrive at San Francisco until March 23d, and petitioner was denied the right to land, because of his father's death, which had occurred eight days before his arrival.

It is not contended that petitioner is a laborer, or that he is not the son of the late Chan Sing, or that the latter was not a bona fide resident merchant; but he is excluded for the reason that, his communicated status as the minor son of a merchant having been destroyed by the death of his father, before he can enter this country by any right of his own, whether as student, merchant, or otherwise, he must produce the certificate provided for in section 6 of·the so-called Chinese Exclusion Act. This section requires, among other things, that every Chinese person, other than a laborer, who may be entitled to come within the United States, shall obtain the permission of and be identified by the Chinese government, to be evidenced by a certificate issued by such government, which shall be in the English language, and shall show such permission, with the name of the permitted person in his or her proper signature, and which shall state the individual, family, and tribal name in full, title or official rank, if any, the age, height, and all physical peculiarities, former and present occupation or profession, when and where and how long pursued, and place·of residence of the person to whom the certificate is issued, and that such person is entitled to come within the United States. If the person applying shall be a merchant, the certificate shall, in addition, state the nature, character, and estimated value of the business carried on by him prior to and at the time of his application. This certificate must be viséed by the indorsement of the United States diplomatic representative in the country from which it issues, or of the consular representative at the port of departure, and "such certificate, viséed as aforesaid, shall be prima facie evidence of the facts set forth therein, * * * and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States."

[1] It is urged by petitioner that, as he was not compelled under the conditions existing at the time of his departure from China to procure the certificate required by section 6, because his right to enter as the minor son of a merchant was not dependent upon the production of such certificate, he should now be permitted to make

other proof of his status as a student or a merchant, and should not be put to the expense and trouble of returning to China to secure the certificate, which, it is further urged, the act makes the sole evidence permissible *only* on the part of a person producing the same; the implication being that a person not producing the same may be permitted to furnish other evidence of his right to enter. To this latter contention I cannot agree. Section 12 of the same act provides:

"No Chinese person shall be permitted to enter the United States by land without producing to the proper officer of customs the certificate in this act *required* of Chinese persons seeking to land from a vessel."

This provision indicates quite clearly the intention of Congress that no person falling within the provisions of section 6 may be allowed to enter the United States in the absence of the certificate therein required.

[2] Equally untenable is the other contention that petitioner is relieved from producing the certificate, and entitled to furnish other evidence of his status as a student or a merchant, because of the circumstances attending his departure from China, and the hardship that would be occasioned by compelling him to return thereto. Had his father lived, he could have entered by virtue of his communicated status as the son of a resident merchant. With the death of the father, this status was destroyed; but this fact does not relieve him of the necessity of producing the evidence required by law, if he desires to establish another and very different status upon which to base a right to land. For students or merchants coming to the United States for the first time, the act prescribes the only evidence upon which entry into the United States may be had. If petitioner desires to enter as a student or a merchant coming here for the first time, he must fortify himself with the evidence which the law declares "the sole evidence permissible." That it would work a hardship upon him to require the production of this evidence is beside the question. That he left China without this evidence, because of his right to enter as the minor son of a merchant, cannot now relieve him of the necessity of producing it. The law is too clear upon this point to warrant a construction setting aside its terms. If, indeed, petitioner be a student, or a merchant, as claimed, he might have procured a certificate to that effect before his departure from China. Failing to do so, and relying solely upon his communicated status, he cannot now complain of hardship, because such communicated status was destroyed by the happening of a contingency, the death of his father, which in the nature of things might happen at any time.

The demurrer to the petition is therefore sustained, and the writ denied.