## YOUNG BARK YAU v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5777.

Fred Patterson, of Honolulu, Hawaii, and Herbert Chamberlin, of San Francisco, Cal., for appellant.

Sanford B. D. Wood, U. S. Atty., and Charles H. Hogg, Asst. U. S. Atty., both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order of deportation. July 28, 1923, Young Bark Yau, a person of Chinese

descent, was admitted to the Territory of Hawaii as native born. He was so admitted on his own testimony and the testimony of Chock Fook, Chun How, and Chin Sheu, son of Chun How. The two former returned to China before the trial in the court below. At the time of his admission, the appellant testified that his age was 26 years; that his name was Young Bark Yau, alias Young King Hin; that he was born on School street, Honolulu, June 14, 1897; that the name of his father was Young Wun, alias Young Kong Ming, age 62; that the name of his mother was Chun Shee, age 59; that he had one brother, named Young Kam Yuen, alias Young King Fung, age 30; that he went to China from Honolulu with his mother and elder brother in November, 1899; and that his father followed him about four years later. March 25, 1927, he was taken into custody by an immigrant inspector, and questioned as to his right to remain in the United States. He at that time testified that the name of his father was Young Yan, alias Young Kong Min; that his father died in China about 1924, at the age of 75; that the name of his mother was Chun Shee; that she was living in China; that her age was 68 years; and that he had one brother, named Young Kam Yuen, age 32.

Chin Sheu, examined at the same time, testified that he was one of the witnesses for the appellant at the time of his admission to the Islands in 1923; that the appellant is a brother of his stepmother, Young Shee, second wife of Chun How, one of the witnesses for the appellant at the time of admission; that the appellant was born in China and paid his way in; that the witness heard his father say that arrangements had been made for his coming; that he was told by his father what he should testify to on that occasion; and that his testimony that the appellant was born in Honolulu was false.

Chin Tin, examined at the same time, testified that he was a brother of Chin Sheu; that the appellant is a brother of Young Shee, his stepmother, and was born in China; and that he heard his father, Chun How, state that he paid $1,350 to procure the admission of the appellant into the United States.

The appellant was then recalled, and was asked if he had heard the testimony of Chin Sheu and Chin Tin, and replied, that he had. He was asked what he had to say, and replied, nothing. He was asked if the testimony given by the two witnesses was true, and replied that some of it was true and

some of it was not. He was then asked what part was untrue, and replied, that about the money that was paid to get him in.

The only substantial discrepancies in the testimony given by the appellant on the two different occasions relate to the name of his father and to the ages of his father and mother; there being a discrepancy of about 12 years in the age of the former and 5 years in the age of the latter. Chin Sheu and Chin Tin were unwilling witnesses at the trial. They had forgotten almost everything, but adhered to their previous statement that the appellant was a brother of their stepmother.

On this record the court below was justified in finding that the appellant gained his admission to the Islands through fraud, and the order of deportation should be affirmed, unless the court erred in refusing to grant the application for a dedimus potestatem, to take the testimony of witnesses in China. The application stated that absolutely unavoidable circumstances were such that the appellant could not establish his citizenship at the time of trial by any proof whatever, except by the testimony of witnesses who were then in China, and that he was unable to obtain their presence in court. The names and places of residence of four witnesses were then set forth. One was the mother of the appellant, another, a partner in business of his father at the time of his birth, and the other two had personal knowledge of the time and place of his birth. It was averred that each of these four witnesses, if present in court, would testify of their own personal knowledge that the appellant was born in the Hawaiian Islands. This showing was in no wise controverted by the government. In fact, the government only interposed a demurrer to the application, thus admitting the facts. An American citizen, threatened with deportation because of alienage, has at least as much right to take depositions to establish his status as has any other litigant in a court of justice where civil rights are involved, and we are constrained to hold that the court below abused its discretion, and that the refusal to grant the application was prejudicial error.

In Tom Ung Chai v. Burnett, 25 F.(2d) 574, this court held that the trial court did not abuse its discretion in refusing to grant such an application where the application failed to show that other evidence was not available to prove the facts. But the application in this case shows plainly on its face that no other evidence was in fact available.

The order of the court below is therefore reversed, and the cause is remanded for further proceedings.