## UNITED STATES ex rel. WONG SAI CHAAM v. COMMISSIONER OF IMMIGRATION.

District Court, S. D. New York.

June 24, 1930.

James C. Thomas, of New York City, for relator.

Charles H. Tuttle, U. S. Atty., of New York City (Ernest Lappano, of New York City, of counsel), for respondent.

WOOLSEY, District Judge.

The writ herein is dismissed.

This is a case of much hardship. After having given it most careful consideration, I have concluded that the decision above indicated is inescapable under the limitations placed on a court in matters of this kind.

■ It is a condition precedent for the admission of the alleged minor child of a Chinese alien resident of the United States (1) that the relationship be established and (2) that it be shown that the father is living here and belongs to one of the exempt classes whose minor children are admissible.

■ When the minor child of a Chinese resident alien applies for admission at one of our ports, he may not enter if his father be not here, or if he be dead, Ex parte Chan Fooi (D. C.) 217 F. 308, 310, or if his status as a member of an exempt class—e. g., as a merchant—has not been maintained, Chin Hong v. Nagle (C. C. A.) 7 F.(2d) 609, 610.

■ The relationship of the minor to his alleged father and the maintenance of the father's exempt status are questions of fact to be determined by the Department of Labor on a fair hearing.

The finding of the Board of Review, dated May 10, 1930, which is the subject of objection here, recognized the relationship in this case, and to this extent modified the finding of the board of special inquiry, but it affirmed the finding of the board of special inquiry that the relator has not sustained the burden laid on him of establishing that his status is now that of a merchant.

■ It is common ground between the parties that the father, Wong Sai Chaam, in this case was a merchant up to December, 1929, when the Sun Ligh Jewelry Company, with which he was connected and in which he had an interest, went bankrupt.

It is also common ground that on an investigation, under rule 9, subd. 3, of Rules of October 1, 1926, governing admission of Chinese, preliminary to bringing his son here, the status of the relator as a merchant was recognized by the government.

But such recognition is not conclusive, and does not speak beyond its date. It is a mere convenience to the immigrant; and the rule under which it is given expressly states that it is not an estoppel on the United States. Cf. Rules of October 1, 1926, rule 9, subd. 3, par. 3.

The relator's claim here is that, after the bankruptcy of the jewelry company, he became manager of a restaurant, and as such continued his mercantile status. Cf. Weedin v. Wong Jun, 7 F.(2d) 311, 312 (C. C. A. 9); U. S. v. Lee Chee, 224 F. 447, 448 (C. C. A. 2).

On conflicting evidence, after several hearings at which a number of witnesses were examined, it was held by the board of special inquiry that the mercantile status of the relator at the time his son applied at the port of New York for admission was not established.

■ I hold that rule 9, of Rules of October 1, 1926, governing the admission of Chinese, is a valid regulation entirely consonant with the Chinese exclusion laws, and that its promulgation was within the power and authority of the Secretary of Labor. Cf. 8 U. S. Code, §§ 288, 296 (8 USCA §§ 288, 296).

■ This is an exclusion case. The applicant for admission in such cases has not the right to appear by counsel and examine and cross-examine witnesses. U. S. ex rel. Buccino v. Williams (C. C.) 190 F. 897, 899; U. S. ex rel. Falco v. Williams (C. C.) 191 F. 1001,

1002; Brownlow v. Miers, 28 F.(2d) 653, 657, 658 (C. C. A. 5). Consequently, the applicant's rights were not infringed by the nature of the hearing given to him in the board of special inquiry. On his appeal to the board of review he was allowed counsel, and was there represented by counsel.

I am entirely satisfied that there was a fair hearing in this case. With the correctness of the decision of the board of special inquiry based, as it was, on conflicting evidence as to Wong Sai Chaam's present status, and involving, as it did, the determination of the credibility of witnesses seen by the board, I am not concerned. It is enough for me that "a board of impartial men" might reach the conclusion that was reached here. U. S. ex rel. Fong Lung Sing v. Day, 37 F.(2d) 36, 38 (C. C. A. 2).