**CLAUDE NEON LIGHTS, Inc., et al. v. RAINBOW LIGHT, Inc.**

No. 4493.

District Court, E. D. New York.

Jan. 31, 1931.

Bohleber & Ledbetter, of New York City (Edwin J. Prindle, Thomas Ewing, and William Bohleber, all of New York City, of counsel), for plaintiffs.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

These are two motions for commissions to take testimony abroad.

Three sets of motion papers were served, to wit, those dated December 24, 1930, which were replaced by those dated December 26, 1930, and those dated January 6, 1931.

The motion dated December 26, 1930, is for an order directing the issuance of a commission herein to H. J. Passtoors, of Vestijk 47, Eindhoven, the Netherlands, to take the testimony of Gilles Holst, of the research department, Jan Hendrik Abbink, of the research department, and Nicolaas Anthoni Voorhoeve, of the patent department of N. V. Philips' Gloeilampenfabrieken, a corporation, one of the plaintiffs herein, of which corporation said witnesses are now employees, at said Eindhoven.

The motion dated January 6, 1931, is for an order directing the issuance of a commission herein to Dr. Hugo Brock, lawyer to the Berlin Court of Appeals, of Kleitstrasse 15, Berlin, to take the testimony of Dr. Gustav Ludwig Hertz, of Fabeckstrasse 11, Berlin Dahlem, the patentee of the United States patent No. 1,726,107, who is not in the employ of the plaintiffs or either of them, is a professor of the University of Charlottenberg, Germany, and his duties as such prevent his coming to the United States.

The object of the commissions is to carry the date of invention of the patent in suit back of the convention date, and also to prove the nature of the luminescent tube which is described in the Swiss patent No. 98,909, filed November 15, 1921, the inventor of which is Dr. Gilles Holst, head of the research department of the plaintiff N. V. Phillips' Gloeilampenfabrieken, at Eindhoven, at the time of the making of the invention of the patent in suit, and also at the present time, and to obtain from him a comparison between the said lamp as described in said Swiss patent and the lamp which is described in the patent to Hertz, in suit.

The statute under which the commissions are applied for is section 866 of the Revised Statutes of the United States, now title 28, § 644, U. S. Code (28 USCA § 644), which provides as follows:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; and any district court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States. And the provisions of sections 639 to 641 of this title shall not apply to any deposition to be taken under the authority of this section."

Defendant contends that it is not necessary to take the proposed testimony by commission, and that so taking it will not prevent a failure or delay of justice.

The affidavits of Mr. Prindle in support of the motions show compliance with the conditions of the statute.

A commission to take the depositions of witnesses in a foreign country will be granted, where evidence of as high authority on the points involved is not available in this country. Holliday & Sons, Limited, v. Schultze-Berge (C. C.) 57 F. 660.

The plaintiffs have the right as against an infringer to carry the date of invention of the patent in suit back of its convention date by proof of acts abroad.

Section 4886 of the Revised Statutes of the United States, now title 35, § 31, U. S. Code (35 USCA § 31), relating to the grant of patents, reads as follows:

"Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor."

That statute is not limited to inventions made in the United States. See Walker on Patents (6th Edition) § 109, p. 136:

"When a patent is questioned in point of novelty, and when that question depends upon the date of the invention claimed in that patent, it is not material whether the event, which constituted that invention, occurred in the United States or in some other country." Welsbach Light Co. v. American Incandescent Lamp Co. (C. C. A.) 98 F. 613, at page 615; Hanifen v. E. H. Godshalk Co. (C. C.) 78 F. 811, at page 812; Hanifen v. Price (C. C.) 96 F. 435, at pages 440 and 441; Badische Anilin & Soda Fabrik v. A. Klipstein & Co. (C. C.) 125 F. 543; Hanifen v. Price (C. C. A.) 102 F. 509.

Defendant's comment on the two Hanifen Cases cited, that they were decisions of District Courts and both were reversed upon appeal, does not convince me that they incorrectly state the law, for the reason that such reversals were on other grounds; and, while it is true that in one of the two cases the District Judge reversed himself on rehearing, he did not reverse his former ruling that the patentee of the patent in suit had the right to carry his date of invention back to the date of his inventive act.

Welsbach Light Co. v. American Incandescent Lamp Co., supra, and Badische Anilin & Soda Fabrik v. A. Klipstein & Co., supra, do support the plaintiff's view, because, even if the comment in the Welsbach Case was obiter, the decisions show that the plain-

tiffs may carry the date of invention in a foreign country back of the date of convention, even if in the two cases last cited the date was only carried back to the filing date in the foreign country.

Ex parte Grosselin, 1901 Commissioner's Decisions, 248, cited by the defendant, does not seem to be in point.

It is an ex parte case under rule 75 of the Patent Office, under which an applicant for a patent may overcome a reference cited by the Patent Office by making an affidavit, that the invention was made in this country before the date of the reference, and does not relate to the right of plaintiff to carry back the date of invention in a foreign country.

Rule 110 of the Patent Office has no application, as it relates, not to a suit against an infringer, but to interference contests in the Patent Office between two contestants for the same patent.

No cases have been cited, nor have I found any, in which a foreign commission was refused because of the financial ability of the party desiring the commission, or the mere supposed control of the witnesses by the party desiring their testimony, but a foreign commission has been granted where some one of the witnesses whose deposition it was sought to take by foreign commission was the mother of the defendant. Young Bark Yau v. United States (C. C. A.) 33 F.(2d) 236.

Under the terms of its contract with the other plaintiff, Claude Neon Lights, Inc., cannot compel the attendance of the witnesses who are employees of the plaintiff N. V. Philips' Gloeilampenfabrieken, as such contract provides that it shall not be required to send its employees to this country, and the said N. V. Philips' Gloeilampenfabrieken has refused to send such witnesses.

The duties of Dr. Hertz as a university professor prevent his coming to this country. However more desirable may be the taking of testimony in open court, such desirability furnishes no reason for refusing a commission to take a deposition abroad.

The defendant's objection that interrogatories are hearsay which relate the statements by Dr. Hertz, patentee of the patent in suit, showing, or tending to show, that he made the invention of the patent in suit, and disclosed it to others before the convention date of said patent, is not well taken. Philadelphia & Trenton Railroad Co. v. Stimpson, 39 U. S. (14 Pet.) 461, 462, 10 L. Ed. 535; McCormick Harvesting Mach. Co. v. Minneapolis Harvester Works (C. C.) 42 F.

152, 154; Bullock Electric Mfg. Co. v. Crocker-Wheeler Co. (C. C.) 141 F. 101; Standard Cartridge Co. v. Peters Cartridge Co. (C. C. A.) 77 F. 630, 645.

The McCormick Harvesting Machine Co. Case, supra, was taken to the Supreme Court of the United States by appeal, but was "dismissed, per stipulation of counsel," 140 U. S. 689, 11 S. Ct. 1024, 35 L. Ed. 598, and this, of course, does not affect the ruling of the Circuit Court.

The provision for taking the testimony of "any other person or persons who may be produced as witnesses" must be stricken from the orders for the commissions, and with this exception the motions are granted.