**FLYNN ex rel. CHIN SHE YIN v. TILLING-HAST, Commissioner of Immigration.**

No. 2627.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

WILSON, Circuit Judge, dissenting.

William H. Lewis, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

MORTON, District Judge.

This is an appeal from an order of the District Court dismissing a petition for habeas corpus and remanding the petitioner to the immigration authorities for deportation. It was heard on the Immigration Department record, no other evidence being introduced in the District Court.

The petitioner claims admittance to the United States as the son of Chin Hong Goon, a citizen of this country. The citizenship of the alleged father was conceded by the immigration tribunals, but they held that the relationship claimed had not been proved. The present question is whether the evidence on that point was so clear and decisive that the rejection of it was arbitrary and unreasonable.

Four witnesses testified for the petitioner, viz., himself, his alleged father, and two brothers previously admitted to this country, and residing here. All said that the petitioner is the son of Chin Hong Goon. They gave in agreement many details about their relatives, about the village in China where the family lived, and about various persons and places in it. While there was some disagreement between them on incidental matters as would be expected under the circumstances—the village being a rather large one —their testimony taken as a whole was in striking accord. There was no contradicting evidence.

The petitioner's claim was rejected by the immigration tribunals chiefly for the reason that one of the alleged brothers, Chin See Go, when testifying in his own case in 1921, said that this petitioner was an adopted child of the alleged father and mother, and was then just beginning to walk and was not yet able to talk. The real question is whether this statement casts such doubt on the petitioner's case as to justify rejecting his claim. At the time when Chin See Go gave his testimony he was eleven years old. He at first testified that he had two brothers by the same father and mother. The suggestion that one of the brothers might have been adopted was made to him by one of the examining officials, and he agreed to it. There was evidence that Chinese mothers tell young children that new babies are found in the garden, or brought from another village.

The petitioner and his witnesses say that he was born in December, 1914. If so, he was about seven years old in 1921 at the time

when Go testified. The child described by Go could not have been more than three years old—at least four years younger than the petitioner. Such a difference between the age claimed and the real age would be obvious. No such discrepancy was noted by the immigration officials; apparently the petitioner appeared to be the age claimed. The petitioner's existence and age are strikingly confirmed by official records in the Immigration Department. In 1915 a brother of the alleged father testifying in official proceedings in his own case said that his brother (the present alleged father) had told him he had a son born in 1914. The first official proceeding in which such a son could have been mentioned was that of 1921 above referred to. At that time the alleged father testified consistently with his present story, and said that Go's testimony, which was brought to his attention, was entirely mistaken, and that his younger son, the present applicant, was six or seven years old and his own child. The petitioner has been continuously and consistently mentioned in several official proceedings since that time. ·

We do not think that the powerful evidence in the petitioner's favor could reasonably be regarded as outweighed by the statements of an eleven-year boy in another proceeding which were at that time declared erroneous by the alleged father and which are now repudiated by the witness as a mistake due to childish ignorance. An American boy eleven years old would probably not know the meaning of "adoption," and there is nothing to indicate that such knowledge can be attributed to a Chinese child of that age. Moreover, in his former testimony Go said that he first saw the petitioner as a baby in his mother's arms. It seems certain that the petitioner has been a member of the alleged father's family practically all his life. The direct oral testimony as to his birth and relationship is very strongly corroborated by the official records of the proceeding in 1915, and the subsequent proceedings.

The attention of the immigration tribunals seems to have been directed to the discrepancies which their examinations had developed rather than to the evidence as a whole. There is no indication in their decisions that they at all considered or appreciated the extremely strong evidence in the petitioner's favor. We are forced to the conclusion that their finding was an arbitrary and unreasonable one, and that on the evidence submitted no conclusion was fairly open except that the petitioner is the son of Chin Hong Goon as claimed.

The order of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

WILSON, Circuit Judge, dissents.