710

DAMON ex rel. WONG BOK NGUN v. TIL-
LINGHAST, Com'r of Immigration.

No. 2748.

Circuit Court of Appeals, First Circuit.

Feb. 18, 1933.

WILSON, Circuit Judge, dissenting.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The only question is whether the evidence so clearly and convincingly establishes that the applicant is the son of Wong Fong Ling that the refusal to accept it was arbitrary and unreasonable.

The story told by the applicant was that he was born in Ai Yung Mee village in China on September 25, 1912; that his father, Wong Fong Ling, was born in the United States and is now living in Ai Yung Mee village, having returned to China in 1911 and never since been in the United States; that the applicant lived in and around his native village until his departure on his present trip to this country. There is a supporting affidavit from the father executed before an American official in China.

In support of the applicant's story, there testified as witnesses his alleged brother, who recently applied for admission in New York and was rejected by the immigration tribunals there, and whose case is now pending on habeas corpus before the Circuit Court of Appeals in the Second Circuit; Chin Cheung Nai and his wife, Moy She; Gong Yuen and his son, Gong Thick Foon. These five witnesses all said that they came from the same locality in China as the applicant; and their testimony was, as the immigration tribunals observed, in "substantial agreement" with him and with each other. The examination of these witnesses by the immigration tribunals was both skillful and searching, going into minute details. Considering that the witnesses were examined separately, it is hardly conceivable that the evidence, covering so many different witnesses, and given at different times and in different proceedings, is a fabricated invention.

The evidence was rejected on two principal grounds: (1) On testimony given in other proceedings by sons of one Wong Gee; and (2) on the fact that a Chinaman, who applied for admittance to this country under the name of Chung Fong Kwong in October, 1928, and was deported in February, 1930, is the person who appears in a photograph, which was presented in these proceedings as that of the family of the applicant's father, and is said by the applicant to have been taken in China in 1929, when Kwong was certainly in the United States.

As to (1) the alleged father of the applicant and Wong Gee were admitted to the United States in 1901, as brothers and native-born citizens, by United States Commissioner Dudley. The evidence presented at that time was brief, there being only one identifying witness and he not being thoroughly examined. Three men have since been admitted as sons of Wong Gee. The records in the cases of these three sons were examined and incorporated into the present case. They contain many discrepancies and contradictions of the applicant's evidence, both as to persons and places. The immigration tribunals regarded this testimony as highly discrediting to the applicant's case. It could not reasonably be given that effect, unless it was clear that Wong Gee's sons and the applicant are so related that the former would naturally know about the applicant's family

and surroundings. The contradictions and discrepancies are of such character as to suggest strongly the possibility that a fraud was perpetrated on the government in connection with the admission of the applicant's alleged father and Wong Gee as brothers. The unescapable doubt on this point greatly weakens the inference against the applicant. That uncertainty could not fairly or reasonably be ignored; but there is no mention of it in the decisions of the immigration tribunals.

As to (2), even if Wong Bak Look, an older brother of the applicant, fraudulently endeavored to enter this country under the name of Kwong in 1928 and was detected and turned back, we do not perceive what bearing it has on the present case, which deals only with the relationship of the applicant and Wong Fong Ling.

On the other hand, the search of the department files revealed extraordinary corroboration of the applicant's claim. In the case of Gong Thick Foon, which was heard by the immigration tribunals in New York in June, 1931, the applicant apparently came from the same village in China as the present applicant. Two witnesses in that case, being asked, apparently at random, who lived in the house on the first lot of the fourth row, Ai Yung Mee village, named the applicant's alleged father and mother, said they had a family of seven sons and one daughter, and named the children almost exactly as they now appear. All through the evidence in that entirely independent proceeding, with which the present petitioner had nothing to do, there are references to this applicant's family which accord with the present testimony. This highly significant corroboration is nowhere referred to in the decisions of the immigration tribunals, and apparently was not considered by them. A photograph said to be of the applicant's family, a copy of which is said to have hung in the house in China, was also introduced. It represents, inter alia, a person who, as the immigration tribunals found, is the applicant, and also a person who looks like Kwong and is said to be the applicant's brother, Wong Bak Look. The applicant dates the photograph as taken in 1929, when Kwong, or Wong Bak Look, was in this country. If this dating is correct the photograph must be a fabrication. But if it was taken only a year earlier, when Wong Bak Look was certainly in China, all reason to doubt its genuineness disappears and it becomes highly persuasive evidence in the applicant's favor. No consideration was given by the immigration authorities to this probability.

The immigration tribunals appear to have been almost completely diverted, by the collateral questions above referred to, from a consideration of the real issue on which the case turns. The way in which they dealt with it was not that fair and reasonable determination of the applicant's claim—which it is to be remembered involves American citizenship—to which he was entitled.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to issue the writ and discharge the petitioner.

WILSON, Circuit Judge (dissenting).

The alleged father's citizenship is admitted, but there were inconsistencies in the testimony of the witnesses that may have furnished a ground for the rejection by the Board of Special Inquiry of much of the material evidence on relationship. The alleged father claims to have several children in addition to the applicant, but a blood brother of the alleged father and his sons in 1917, 1924, and 1927, all testified that Wong Fong Ling, the alleged father, had only one child, for which they gave a name entirely different from that now given for any of the alleged father's children.

An alleged brother of the applicant has applied for admission in the port of New York, by name Wong Bak Sun. His veracity as a witness and that of other witnesses in his behalf is attacked in the Second Circuit in that case and is now pending on appeal.

Wong Bak Sun is also a witness in behalf of this applicant. In his own case he presented a photograph of the Wong family, in which it was claimed that the applicant and Wong Bak Sun both appeared. The photograph was shown to one of the inspectors in charge at Boston, who at once recognized one of the persons in the photograph as one Chung Fong Kwong, who had fraudulently entered at Boston in 1928 and was deported in 1930.

The applicant was shown a photograph of Chung Fong Kwong and he identified the subject as his brother, Wong Bak Look; but several witnesses testified that the person identified by the applicant as Wong Bak Look was not Wong Bak Look, and could detect no resemblance to the man they identified in the alleged family group as Wong Bak Look in the photograph of Chung Fong Kwong. The Board of Inquiry found reasons for rejecting the evidence of some of the witnesses in favor of the applicant in

their manner of testifying, and also found no convincing resemblance between the person in the alleged family photograph pointed out as the applicant and the applicant himself. I do not think an appellate court can say that their judgment in this respect is so clearly wrong as to amount to a denial of a fair trial.

There are also the same inconsistencies as in the Young Quong On case recently decided by this court, between the alleged father and his blood brother and his family, as to where the paternal grandparents of the applicant died and where they were buried, and the name of the grandfather, of which discrepancies no satisfactory explanation was offered. The applicant and his alleged brother say both the paternal grandparents are buried in Nor Moy Hill, while his alleged uncle and three cousins all have testified that the grandfather was buried in Lun How Shuck, and the grandmother in Ngow Lor Hill.

It was for the Board of Special Inquiry to determine which of the witnesses they believed and the weight they would give to the testimony. Many other inconsistencies which appeared in the evidence, though of minor importance when taken together, may have also tended to support their conclusion. At least, I cannot find that their conclusion, in view of their power to determine the credibility of witnesses, and the weight they should give to the evidence, is so clearly wrong as to amount to a denial of a fair trial and due process. Every opportunity was afforded the applicant to present all the evidence he desired to offer, but it did not convince the Board of Inquiry or the Board of Review.