ONE DIN ex rel. ONE GOCK TOON v. WARD, Commissioner of Immigration.

No. 5728.

District Court, D. Massachusetts.

Aug. 9, 1937.

Joseph F. O'Connell, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This petition for a writ of habeas corpus is brought on behalf of One Gock Toon, who seeks admission into the United States as a son of One Din, a citizen. The merits of the case were submitted on the records of the Immigration Service. The citizenship of One Din is conceded. The immigration authorities deny admission on the ground that the relationship has not been established. On this issue important facts appear to be beyond the realm of controversy. The father was in China during the period which would have made it possible for him to be the father of the applicant. In 1923 the father had claimed a son whose name and age corresponded with those of the applicant. There is noted a resemblance between the applicant and his alleged father; and there was substantial agreement between the testimony of the applicant and his witnesses, his alleged father and grandfather, upon all matters relating immediately to his ancestry and family, to his native village and to the occupants of houses in the village.

The excluding decision is based on discrepancies which the Board of Special Inquiry thought were of major importance. The question presented is whether these discrepancies constitute substantial evidence, adequate to support the conclusion that the applicant has not sustained his burden of establishing the claimed relationship.

The examination of the witnesses covered a wide range and was well calculated to confuse. It would have been remarkable if there had been no retractions, corrections, or discrepancies. None of those that appear in the record have any direct bearing on the question of kinship, in my opinion. The discrepancies relating to the layout of the village of over seventy houses was properly dismissed as unimportant by the Board of Review. See Johnson v. Damon (C.C.A.) 16 F.(2d) 65.

The contradiction respecting sleeping quarters may likewise be laid to one side as immaterial. Jew Mook v. Tillinghast (C.C.A.) 36 F.(2d) 39. So also a variance as to the name of one of the many cousins of the applicant. United States ex rel. Ng Lin Suey v. Day (D.C.) 49 F.(2d) 471.

The only other discrepancy that deserves notice is between the applicant and the father and relates to four younger brothers of the father, all of whom were somewhat younger than applicant and one of whom had been born since the father was last in China. The applicant remembered having seen only one of these uncles. The father said that the applicant must have seen all of them because they all had taken their meals at the home of the applicant. It is quite apparent that the father was mistaken. The applicant's statement cannot be regarded as necessarily false when considered in the light of all the testimony, but, even if he did not give his honest recollections, the administrative authorities would hardly be justified in throw-

244

ing into the discard all of the testimony as a pure fabrication.

 There being no substantial evidence upon which to ground the excluding decision, the hearings must be regarded as unfair and arbitrary. Mason v. Tillinghast (C.C.A.) 27 F.(2d) 580; Flynn v. Tillinghast (C.C.A.) 56 F.(2d) 317; Damon ex rel. Wong Bok Ngun v. Tillinghast (C.C.A.) 63 F.(2d) 710; United States ex rel. Ng Kee Wong v. Day (D.C.) 44 F.(2d) 406; Jew Mook v. Tillinghast, supra.

It follows' that the writ must issue and the applicant One Gock Toon admitted as the son of One Din.