**WONG KEW ex rel. WONG YOOK v. WARD, United States Com'r of Immigration.**

**No. 6248.**

District Court, D. Massachusetts.

July 22, 1940.

The testimony at the earlier hearing compelled a conclusion that Wong Kew, one of the witnesses testifying for the applicant, had a brother named Wong Yook, who was born in San Francisco in 1899. and who, at an early age and after his parents had both died, went to China with a relative. Whether the applicant was the same Wong Yook was the pivotal question then presented. The evidence first received on this question might well have been deemed inadequate. The case was reopened in order to take the testimony of Deer Hung, who testified that he had known Wong Yook both in San Francisco and in China. It must be conceded that his testimony agrees with that of the applicant and his other witnesses in all material respects and, what is more important, the applicant was examined immediately after Deer Hung had completed his testimony, and he corroborated Deer Hung in almost every detail.

Both the Board of Special Inquiry and the Board of Review saw fit to disregard entirely the testimony of this additional witness. The Board of Special Inquiry in its supplementary memorandum admitted that the testimony of this witness and the applicant was in substantial agreement, but they go on to say: "However, our records show that the witness was located in the same restaurant where Wong Big (Bik) Choon, one of the witnesses in the original case, was manager and, therefore, could have been produced at the time of the original hearing in April 1939." The Board reached the opinion that the testimony of this witness did not overcome the adverse features upon which the original excluding decision was based.

As bearing upon the question of a fair hearing, it should be noted that the records do not show that the witness was located in the same restaurant where Wong Bik Choon was manager. Wong Bik Choon testified that he was manager of a restaurant at 422 Mass. Ave., Boston. Deer Hung testified that he did not go to work at 422 Mass. Ave. until June 1939 and that at the time the hearing was being held, he was working at King Wah Low Restaurant, 16 Tyler St., Boston. The following is quoted from the reported examination of Deer Hung:

"Q. Who was manager of the restaurant at 422 Mass. Ave. when you worked there last? A. Wong Boo Choon.

Joseph F. O'Connell, of Boston, Mass., for petitioner.

Edmund J. Brandon, U. S. Atty., and William J. Koen, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

For a second time the decision of the Immigration and Naturalization Service of the Department of Labor excluding Wong Yook, who claims citizenship by reason of his birth in San Francisco, California, is challenged. I refused to disturb the earlier decision in habeas corpus proceedings on the ground that the applicant had not sustained his burden of showing that he was born in the United States.

"Q. What is his other name? A. Wong Bik Choon.

"Q. Is he the same man who testified here last year for the applicant? A. Yes.

"Q. Were you working there when he testified for the applicant last year? A. No, I was working at the King Wah Low Restaurant at that time."

It will be noted further that the Board of Review made the same error in referring to the record and quotes from the examination of the applicant's brother, Wong Kew, where he was told that the record showed that the witness was then working in the very restaurant where Wong Bik Choon was manager. Led by this incorrect statement of the record, Wong Kew replied that he didn't know that he needed Deer Hung before.

The Board of Review, as further justification for disregarding the additional testimony, stated that it appears that the reopening of the case was secured by misrepresentation and false allegation to the effect that the witness was unavailable at the time of the previous hearing, and that, therefore, the additional testimony was to be disregarded as not presented in accordance with the rules of the Department. On this aspect of the case it appears that the attorney who was looking after the interest of the applicant at the time of hearings in April 1939 died shortly after the first excluding decision was handed down, and the matter of the appeals to the Department of Labor was undertaken by another attorney. The attorney who made the request for reopening did not enter the case until the first petition for a writ of habeas corpus was filed. It is true that this attorney represented that the additional witness was not available at the time of the first hearing. I am satisfied that he made this statement in an honest belief that it was true, and there is nothing to show that the applicant or any of his attorneys were earlier advised respecting the existence or whereabouts of Deer Hung.

■ While it is not for the court to weigh the evidence considered by the administrative boards, it is undoubtedly true that a fair hearing demands that the evidence offered by one seeking admission as a citizen of the United States shall not be wholly disregarded without sufficient reason. Wong Kam Chong v. United States, 9 Cir., 111 F.2d 707, 712; Lau Hu Yuen v. United States, 9 Cir., 85 F.2d 327.

If evidence is to be given no weight whatever on the ground that it is merely an invention, it is necessary, I take it, that the record disclose some grounds for so doing. Gung You v. Nagle, 9 Cir., 34 F.2d 848, 851; One Din ex rel. v. Ward, D.C., 20 F.Supp. 242.

In the record of the case at bar it is not possible to find any justification for throwing the testimony of Deer Hung into the discard, except the one assigned by the Board of Review; namely, that the second hearing was secured by misrepresentation respecting the availability of the additional witness. The question, therefore, is whether the act of the administrative boards in thus refusing to consider Deer Hung's testimony after it was presented, was arbitrary and unfair.

■ Whether Wong Kew, the applicant's brother, made a false statement in his affidavit, which was filed with the request for a further hearing, is not shown. This affidavit was not submitted with the other records of the administrative proceedings. It is clear that the applicant was guilty of no misrepresentation respecting Deer Hung's availability at the first hearing. I have already stated that the attorney making the request acted in good faith. If it be assumed that Wong Kew made a misrepresentation in his affidavit, it cannot follow that the applicant's rights as an American citizen are thereby forfeited. Moreover, as above suggested, Wong Kew's testimony, respecting his knowledge of the whereabouts of Deer Hung, was induced by a misstatement of what the record disclosed.

■ The Board of Review stresses the fact that Deer Hung's testimony was not presented "in accordance with the rules of the department." The rule referred to was not called to my attention. I could readily agree that the Immigration Service might well adopt rules for its procedures and require applicants seeking admission to the United States to promptly present the witness upon which he relies. While a refusal by the department to reopen the case would not necessarily be regarded by the court as an arbitrary act, United States ex rel. Chin Cheung Nai v. Corsi, D.C., 55 F.2d 360; Flynn ex rel. Jew Yet Wing v. Tillinghast, 1 Cir., 44 F.2d 789, that question is not now presented. The case was reopened for the presentation of further evidence and that evidence was before the Board of

Special Inquiry and the Board of Review. It has been held that failure to hear material witnesses was a denial of a fair trial. Gung You v. Nagle, supra; Young Bark Yau v. United States, 9 Cir., 33 F.2d 236; See also, Ex parte Ver Pault, 2 Cir., 86 F.2d 113. By the same token a refusal to consider the testimony of a material witness who is examined by the Board of Special Inquiry must be deemed equally arbitrary and unfair. I am convinced on the record before me that the administrative boards and officials acted arbitrarily in failing to give any weight to the additional evidence adduced. Certainly such conduct does not come up to the standard of a fair trial adopted by the courts of this circuit as well as other jurisdictions. Flynn ex rel. Chin She Yin v. Tillinghast, 1 Cir., 56 F.2d 317; Damon ex rel. Wong Bok Ngun v. Tillinghast, 1 Cir., 63 F.2d 710; Gung You v. Nagle, supra; Flynn ex rel. Moy You Hung v. Ward, 1 Cir., 93 F.2d 552.

The petition for writ of habeas corpus is granted. The writ may issue and the applicant, Wong Yook, may be discharged thereon. Should the defendant intimate her desire and intention to appeal from this decision, Wong Yook may be enlarged upon bail in the usual amount in such cases.