ESTATE of Jose BERMUDEZ, Plaintiff-Appellant,

v.

UNITED FRUIT COMPANY, Defendant-Appellee.

No. 461, Docket 33382.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1970.

Decided Feb. 3, 1970.

Ned R. Phillips, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellant.

William M. Kimball, New York City, (Burlingham, Underwood, Wright, White & Lord, New York City, on the brief), for defendant-appellee.

Before KAUFMAN and FEINBERG, Circuit Judges, and PALMIERI, District Judge.*

PER CURIAM:

This appeal is from a judgment of the United States District Court for the Southern District of New York, Dimock, J., dismissing the complaint after a seven day jury trial. The judgment was based upon the jury's answers to interrogatories absolving the defendant of liability. The narrow question presented is whether the district court, Tyler J., abused its discretion in precluding the plaintiff from taking a last minute deposition of an out-of-town witness on the eve of trial.

The appeal raises the delicate problem of the appropriateness of a discretionary ruling affecting the control and management of ready cases in the process of being channeled for trial through a heavily burdened, multi-judge court. The action was commenced on August 2, 1965, under the Jones Act (46 U.S.C. § 688) for negligently caused death, and under the Death on the High Seas Act (46 U.S.C. § 761 et seq.). Over a year later, in November 1966, plaintiff filed a note of issue and certified that the necessary depositions had been taken and that the case was in all respects ready for trial, as required by the local court rules. S.D.N.Y. Calendar Rule 5(a); see also, Bardin v. Mondon, 298 F.2d 235, 236 (2d Cir.1961). This precipitated a series of events which provided the setting for the ruling presently before this court: first, a tentative settlement, then the filing of an order of discontinuance with the apparent consent of plaintiff's counsel, and finally the disap-

* Of the Southern District of New York, sitting by designation.

proval of the settlement by the plaintiff and plaintiff's motion to obtain the deposition of the out-of-town witness. The district court, Tyler, J., held on December 6, 1968, that while the case could be restored to the calendar, the plaintiff should be precluded from taking the proposed deposition in Dallas, Texas. The case then went to trial before Judge Dimock and, after a jury verdict for the appellee, the judgment was entered dismissing the complaint.

Judge Tyler was within appropriate bounds of discretion in denying plaintiff's request for the taking of the deposition in question. This long pending case had been represented as being ready for trial by the plaintiff for a considerable period of time before it had reached the imminent trial stage. Moreover, the identity of the witness and his whereabouts had been known to counsel for both sides for some time and the circumstances presented to Judge Tyler indicated, at best, that the witness was reluctant and possibly hostile. With only a very small part of the trial record before us, we are unable to determine whether the proposed testimony would have been useful or merely cumulative.

In short, the circumstances presented to the district court permitted it to exercise its discretion to refuse permission to take the deposition in question. The two cases principally relied on by the appellant, Spellman v. Sullivan, 61 F.2d 787 (2d Cir.1932) and Young Bark Yau v. United States, 33 F.2d 236 (9th Cir. 1929), are so clearly distinguishable on their facts as to offer no persuasive ground for the relief sought. While there may be differences of opinion as to how this discretion should have been exercised, such speculation does not entitle us to set aside Judge Tyler's ruling and the determination on the merits which followed it. See Davis v. United Fruit, 402 F.2d 328 (2d Cir.1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969); Bardin v. Mondon, *supra*.

Judgment affirmed.