## UNITED STATES, Appellee

v.

## JACK EDWARD AUSTIN, Steward Apprentice, U. S. Navy, Appellant

### 3 USCMA 433, 12 CMR 189

No. 3627

Decided October 23, 1953

LCDR Franklin P. Gould, USNR, for Appellant.
CDR Richard J. Selman, USN, for Appellee.

### Opinion of the Court

PER CURIAM:

The accused was found guilty by special court-martial of a number of offenses in violation of the Uniform Code of Military Justice, 50 USC § 551, et seq., which are quite immaterial here, for our answer to the narrow question presented depends solely upon our views concerning the sentence, both as adjudged and as approved by Navy reviewing authorities. The court-martial sentenced the accused to a bad-conduct discharge, a forfeiture of fifty-five dollars ($55.00) per month for three months, and confinement at hard labor for three months. The convening authority suspended execution of the bad-conduct discharge, mitigated the confinement to restriction to the limits of the ship for sixty days, and otherwise approved. The board of review disapproved the bad-conduct discharge on the ground that the sentence as approved was illegal. The case is before this Court upon a certificate for review filed by The Judge Advocate General of the Navy pursuant to Article 67(b) (2), 50 USC § 654.

The certificate raises the question of whether the sentence as approved and mitigated by the convening authority is legal. The board of review pointed out that the sentence approved by a convening authority must be one which the court-martial could legally have imposed in the case. Manual for Courts-Martial, United States, 1951, paragraph 88c, page 148. The board of review reasoned that paragraph 127c of the present Manual (The Table of Equivalent Punishments and its explanatory material) forbids imposing a bad-conduct discharge and a restriction in one

**433**

sentence. Because the restriction portion of the sentence had been satisfied, the board of review disapproved the bad-conduct discharge.

There is no question but what the sentence as adjudged by the court-martial was legal. In United States v. Benson, 3 USCMA 351, 12 CMR 107, decided September 11, 1953, which was after the rendition of the board of review's decision in this case, we had occasion to hold that a court-martial may legally impose both a punitive discharge and a period of restriction in a single sentence. We there reasoned that The Table of Equivalent Punishments, Manual for Courts-Martial, United States, 1951, paragraph 127c, page 215, is im-material in these premises, for the court-martial's authority to so sentence arises from quite another source. Leaving aside the suspension of the bad-conduct discharge, we need only to observe that in this case the convening authority approved a sentence which the court-martial could legally have imposed in the case.

The certified question is answered in the affirmative, the decision of the board of review is reversed, and the case is returned to The Judge Advocate General of the Navy for reference to a board of review for reconsideration of the sentence in the light of the opinion expressed herein.