UNITED STATES, Appellee

v.

TERENCE J. O'SHEA, Seaman, U. S. Navy, Appellant

3 USCMA 434, 12 CMR 190

No. 3629

Decided October 23, 1953

LCDR Franklin P. Gould, USNR, for Appellant.
CDR Richard J. Selman, USN, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was found guilty by special court-martial of a number of offenses in violation of the Uniform Code of Military Justice, 50 USC § 551, et seq. The nature of the crimes is immaterial here for the disposition of the question presented depends solely upon our views concerning the legality of the sentence. The court-martial sentenced the accused to a bad-conduct discharge, forfeiture of sixty dollars ($60.00) per month for three months, and confinement at hard labor for three

434

months. The convening authority approved the sentence except he suspended execution of the bad-conduct discharge and mitigated the confinement to restriction to the limits of the ship for sixty days. The board of review disapproved the bad-conduct discharge on the ground that the sentence as approved by the convening authority was illegal. The case is before this Court upon a certificate for review filed by The Judge Advocate General of the Navy pursuant to Article 67(*b*)(2), 50 USC § 654.

The certificate raises the question of whether the sentence as approved and mitigated by the convening authority is legal. The board of review pointed out that the sentence approved by a convening authority must be one which the court-martial could legally have imposed in the case. Manual for Courts-Martial, United States, 1951, paragraph 88*c*, page 148. The board of review reasoned that paragraph 127*c* of the present Manual (The Table of Equivalent Punishments and its explanatory material) forbids imposing a bad-conduct discharge and a restriction in one sentence. Because the restriction portion of the sentence had been satisfied, the board of review disapproved the bad-conduct discharge.

There is no question but what the sentence as adjudged by the court-martial was legal. In United States v. Benson, 3 USCMA 351, 12 CMR 107, decided September 11, 1953, which was after the rendition of the board of review's decision in this case, we had occasion to hold that a court-martial may legally impose both a punitive discharge and a period of restriction in a single sentence. We there reasoned that the Table of Equivalent Punishments, Manual for Courts-Martial, United States, 1951, paragraph 127*c*, page 215, is immaterial in these premises, for the court-martial's authority to so sentence arises from quite another source. Leaving aside the suspension of the bad-conduct discharge, we need only to observe that in this case the convening authority approved a sentence which the court-martial could legally have imposed in the case.

The certified question is answered in the affirmative, the decision of the board of review is reversed, and the case is returned to The Judge Advocate General of the Navy for reference to a board of review for reconsideration of the sentence in the light of the opinion expressed herein.