UNITED STATES, Appellant

v

PAUL S. MORENO, Private First Class,
U. S. Marine Corps, Appellee

6 USCMA 388, 20 CMR 104

No. 5252

Decided September 23, 1955

*Commander George H. Rood,* USN, was on the brief for Appellant, United States.

*Commander Earl C. Collins,* USN, was on the brief for Appellee, Accused.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This case is before us for the second time. On the first appeal, The Judge Advocate General of the Navy filed a certificate asking review of the decision by the board of review. The board dismissed the charge against the accused because the evidence was insufficient to support the conviction. Originally we could not determine whether the board

had decided the case as a matter of law or on the basis of its fact-finding power. Therefore, we remanded the case for clarification of the grounds of its decision. United States v Moreno, 5 USCMA 500, 18 CMR 124.

The board of review reconsidered the case, and has published a second opinion. In it, the board reviews the consideration of the case during its conferences, the doubts it entertained about the weight and effect of certain evidence, and the omission from the record of trial of facts which. it considered material to the issues. Concluding its opinion, it said:

"From what we have said:

"(1) In the light of legal principles and approved cases, the evidence is not sufficient as a matter of law to sustain the findings in this case.

"(2) Even assuming that the evidence is sufficient as a matter of law to support the findings, we, as triers of fact, are not convinced beyond a reasonable doubt of the accused's guilt from the evidence in the record. In short, sufficiency of the evidence as a matter of law *permits* us to draw some inferences and reach guilty findings. We are *not required,* however, to reach such findings, and we have not done so.

"This is what we intended to say and understood we were saying in our original opinion."

The Judge Advocate General has again filed a certificate for review. The question, which is the same as that raised by the first certificate, is as follows:

"Whether, as a matter of law, the evidence was sufficient to support the findings of guilty of a violation of Article 119, Uniform Code of Military Justice, made by the general court-martial and approved by the convening authority?"

In due course, the accused filed a motion to dismiss the certificate. The motion is based on two grounds. First, it is contended that the certified issue relates only to a determination of fact by the board of review and, therefore, presents no question of law for decision by this Court. Second, the accused argues that the certified issue is merely hypothetical. In opposition to the motion, the Government maintains that the board of review has unreasonably, and therefore illegally, set aside the conviction, which is fully supported by the evidence. The motion and the certified question were submitted for decision without oral argument.

The motion to dismiss the certificate is denied. In its clarifying opinion, the board of review has made it unmistakably clear that its original decision to dismiss the charge was based upon an evaluation of the evidence in its capacity as a fact-finding body. There is, therefore, no question of law for review by this Court. Article 67(*d*), Uniform Code of Military Justice, 50 USC § 654. United States v Bunting, 6 USCMA 170, 19 CMR 296.

The decision of the board of review is affirmed.

BROSMAN, Judge (concurring):

I see no reason for withholding outright concurrence in the Chief Judge's opinion in this case as he has drafted it—although I suspect that he has not receded from the heresy to which he subscribed in United States v Bunting, 6 USCMA 170, 19 CMR 296.

So far as I am concerned, the question of whether a purely factual determination by a board of review favorable to an accused is "supported by the evidence" is simply none of our business —and I lament that my brothers appear to think that it is. Were I to accept what they have to offer in this particular, I would, I am afraid, find myself in the unhappy—but undeniably amusing—situation of being required to determine which of the two had acted unreasonably in the present setting, and which the reverse. It goes without saying, I am sure, that were I required to choose here—which I am · not—I would unhesitatingly place myself in Judge Quinn's corner.

I need not repeat in this memorandum my views having to do with the power over facts possessed by a board of review. See my separate opinion in Bunting, supra. However, I am sure

**389**

that the present case discloses no more than a minute sampling of the perils which may be expected to attend on rulings by this Court that a board acted unreasonably in entertaining doubt respecting the guilt of a convicted accused person.

LATIMER, Judge (dissenting):

I dissent.

There is not a great deal which can be added to the views expressed in my earlier opinion in this case, United States v Moreno, 5 USCMA 500, 18 CMR 124. All we accomplished by our previous holding was to delay the final day of reckoning. In its opinion presently before us, the board of review candidly acknowledged that the ruling we asked it to make was one that we should have made in the first instance. It said:

"The truth is that the basis of our decision may be either fact or law or it may partake of each or both. Certain it is, as the dissenting Judge has so forcibly indicated, that our merely 'labeling' a thing to be law or fact, does not bind the Court of Military Appeals to follow the label and disregard the substance. In the last analysis, therefore, it becomes a question for the Court of Military Appeals to say whether our form of expressing the ultimate idea reflects the true attributes of the concepts sought to be described. (U. S. v Benson, 3 USCMA 351, 12 CMR 107.)"

The board of review, to explain the quandary we forced upon it, furnishes us with an extensive discussion of the law of involuntary manslaughter, interspersed with comments on the facts of this case. Near the end of the opinion there is found a statement that, as a matter of law, the evidence in the record was insufficient to sustain the findings of guilt. As a last line of defense, however, and apparently in response to the invitation in our remand, the board stated that even if it were in error on the insufficiency of the evidence to support the finding as a matter of law, its members, as triers of fact, were not convinced beyond a reasonable doubt of the accused's guilt. Since, in my opin-

ion, the conclusion reached in the second decision of the board of review, like that of the former one, is subject to our review as to its character, we must now decide what we refused to resolve before. United States v Benson, 3 USCMA 351, 12 CMR 107; United States v Bunting, 6 USCMA 170, 19 CMR 296.

The majority conclude the board of review has now made it unmistakably clear that its members reached their conclusion acting in their capacity as triers of fact. If that be so, it is solely because the opinion contains words to that effect. That must be the reason, because the rest of the opinion indicates to the contrary. However, prior to this time we have never considered ourselves bound by the label attached to a holding by a board of review. Thus, in United States v Benson, supra, we were faced with an attempt to render untouchable a result by a statement that the matter decided was one of fact. There the board reasoned:

". . . Although the supervisory authority may have been of the opinion that the offense of which the accused was found guilty merited a more severe punishment than restriction and reduction to the next inferior rating, this much of the sentence had been executed and served; it could not be restored to the accused. To deprive him of 'credit' for it in order to permit an otherwise illegal bad conduct discharge to stand, in effect increased the severity of the sentence as approved by the convening authority. As a matter of *fact,* as distinguished from a matter of *law,* the accused has been sentenced to a period of restriction which he has already served, a reduction in rate, and a bad-conduct discharge. This sentence was, and remains, incorrect in fact."

We rejected that method of tieing our hands by saying:

"Although that statement by the board of review seeks to characterize the ruling as a finding of fact which under Article 67 (d), Uniform Code of Military Justice, 50 USC § 654, we would not review, the reasoning upon

which it is based shows it to be a matter of law. That a portion of the sentence has, in fact, been served, does not prevent us from determining whether the sentence is illegal, in whole or in part. The manner in which a ruling is labelled is not determinative of its character. Here it is one of law and subject to review by us."

In my former dissent in this case, I suggested certain tests by which this Court might determine whether a board of review, regardless of its own characterization of its action, has reached a conclusion as a matter of fact or as a matter of law. I need not repeat them, but they are confirmed in the Court's opinion in United States v Bunting, supra. If they are applied by my associates to the facts of this case, I am at a loss to understand how they arrive at the present result.

I am willing to concede that we do not have the power to weigh facts except when the weighing process, if such it be, becomes a matter of law. A board of review does, but it does not follow that we must accept their finding when they have acted arbitrarily or capriciously or where reasonable men could reach only one conclusion from the evidence and the board reaches an opposite result. Typical of the decisions to that effect in the Federal system is Wong Kew v Ward, 33 F Supp 994 (D Mass) (1940), an immigration matter in which a board of special inquiry and a board of review refused to give any weight to the testimony of a witness favorable to the petitioner. The District Court conceded it had no power to weigh the evidence considered by the administrative boards, but it nevertheless treated the fact question as a matter of law because the board had acted arbitrarily, and it granted the writ of habeas corpus.

In Nat. Bank of Honea Path v Thomas J. Barrett, Jr., Co., 173 SC 1, 174 SE 581, 582, the South Carolina Supreme Court said:

". . . nevertheless there is another rule, more founded upon common sense and reason, to the effect that when only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury."

I am not persuaded that because Congress did not empower us to review an arbitrary finding of not guilty by a court-martial, it denied us the same power with respect to boards of review. The Government has no right to appeal from a finding of not guilty, no matter how shocking is the verdict. In civilian practice, all a presiding judge can do if a jury capriciously refuses to convict a defendant, is to lecture the members. But I am not willing to concede that our powers are no more extensive if a board of review acts similarly. It is not a trial forum and its errors can be reached by both the accused and the Government. It is an intermediate appellate body with circumscribed powers, and when it exceeds its authority, or ventures into the field of law, its holdings are subject to correction. In granting it fact-finding powers, Congress specifically differentiated it from the trial forum by the admonition that in making its findings of fact it was to recognize "that the trial court saw and heard the witnesses." Article 66 (c), Uniform Code of Military Justice, 50 USC § 653. It does not see and hear witnesses and there is no reason to permit an arbitrary reversal of the trial court's findings of guilt to be untouchable. Surely where the right of appeal is given to both the Government and the accused, an error of law committed against either can be rectified by this Court. If not, then I know not how to account for our many decisions that have resulted in reversal because we determined the evidence was insufficient to support the findings. It is no answer to say a board of review will not abuse its discretion. We have considered that question on numerous occasions when we have ruled that the evidence which the board held sufficient was, in law, insufficient. That holding means no more than that neither the board nor the trial forum had any legal basis to sustain the decision it made and, in this instance, that is the true situation.

Whether a board of review can defeat

**391**

review of findings of fact by this Court by merely labeling the finding one of fact was recently considered by us in United States v Bunting, supra. We there held that when that appellate body decides a fact question upon which reasonable men might differ, its holding is beyond reach of this Court. But a majority of the Court held explicitly that if all reasonable men would conclude that the Government had established a fact beyond reasonable doubt, then, as a matter of law, the board of review would err to conclude otherwise. Furthermore, in that instance we expressed the view that we look to the substance of the holding by a board of review and its rationale to determine whether that appellate agency had expressed a holding in law, fact, or mixed law and fact. In the last analysis, the question becomes one of whether boards of review can deprive us of our right to determine the nature of their ruling. If, as the majority has done here, we are to accept blindly the conclusion voiced by them and not make our own evaluation, then we have lost much of our usefulness.

In our prior decision in this case, I related the material facts shown by the record, and by my standard, reasonable men could not differ in finding the necessary elements of involuntary manslaughter when given those facts. I, therefore, conclude the board of review erred, as a matter of law, in reversing the findings.