UNITED STATES, Appellant

v

BILLY CHARLES HENDON, Seaman Apprentice,
U. S. Navy, Appellee

7 USCMA 429, 22 CMR 219

No. 8679

Decided December 7, 1956

*Major Verne L. Oliver*, USMC, argued the cause for Appellant, United States. With him on the brief was *Commander Edmund Burke, Jr.*, USN.

*Commander Gay E. Milius, Jr.*, USNR, argued the cause for Appellee, Accused. With him on the brief was *Captain Robert M. Lucy*, USMC.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Although the accused offered a plea of not guilty as to the charge of desertion, a general court-martial convicted him of both desertion, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679, and absence without leave, in violation of Article 86 of the same enactment, 50 USC § 680. He was sentenced to bad-conduct discharge, partial forfeitures, confinement for twelve months, and reduction to the grade of seaman recruit. The convening authority approved, but the board of review reduced the finding as to desertion to absence without leave, although it affirmed the sentence. Thereafter, The Judge Advocate General of the Navy certified the following two issues to this Court:

"(a) As a matter of law, was the evidence legally sufficient to support the finding of guilty of desertion with intent to remain away permanently?

"(b) If the preceding question is answered in the affirmative, then did the Board of Review exceed its fact finding authority wherein it disapproved the finding of guilty of desertion?"

The accused absented himself without leave on October 6, 1955. He was returned to military control on October 14, 1955. He again absented himself without leave on October 22, 1955, and remained so absent until he was apprehended on February 10, 1956. The accused remained silent and offered no evidence as to these charges.

## II

The first question posed by The Judge Advocate General asks us to determine whether the evidence is sufficient to support the court-martial's finding of desertion. We believe that it is.

It was shown that the accused had departed from his station without authorization and had remained absent without leave for sixteen weeks; that he was apprehended at the end of that time; and that he had returned from another unauthorized leave just eight days prior to the inception of the extended absence. Certainly, without explanation this was evidence that accused was dissatisfied with the military service and that he would not voluntarily return to assume his obligation to his country. In our view, the evidence furnishes a substantial basis for a verdict of guilty of desertion. Intent is usually not susceptible of direct proof and actions quite often speak louder than words. That is to say, a reasonable court member, on the basis of accused's acts and conduct, could find beyond a reasonable doubt that he intended to remain away permanently. Indeed, in other cases we have regarded less extended absences coupled with apprehension as substantial evidence of desertion. United States v Ferretti, 1 USCMA 323, 3 CMR 57; United States v Knoph, 2 USCMA 108, 6 CMR 108. Accordingly, the first certified issue must be answered affirmatively.

## III

The second certified issue inquires as to whether the board of review exceeded its fact-finding powers in its action on this case. However, a matter raised by defense counsel must first receive our attention. This consists of an argument by counsel that the board of review clearly exercised only its fact-finding powers in reaching its decision in this case, and that such being the case, the action taken by the board, which is not unreasonable or arbitrary, is well beyond the reach of our powers. Therefore, we are told, this Court should conclude that The Judge Advocate General of the Navy has attempted, without warrant in law, to obtain a

review of the exercise of a power reserved exclusively to the board of review.

In United States v Moreno, 6 USCMA 388, 20 CMR 104, we recognized that boards of review have been ■■■■■■■ ■ given plenary fact-finding powers by Article 66(c) of the Code, 50 USC § 653, subject only to the limitations that they bear in mind that the trial forum saw and heard the witnesses and that their action must not be arbitrary, capricious, or one which no reasonable person would take. A necessary corollary to the Moreno holding may be found in United States v Bunting, 6 USCMA 170, 19 CMR 296, where we held that if a board of review clearly exercised only its power to make factual determinations in a situation where reasonable men might differ as to whether the Government had carried its burden of proving guilt beyond a reasonable doubt, we had no authority to review its decision. Of course, a board of review may not defeat review in this Court by labeling as questions of fact those matters which are questions of law or mixed holdings of law and fact. United States v Benson, 3 USCMA 351, 12 CMR 107.

As we have earlier mentioned, when this case came on for hearing before the board of review, it reduced ■■■■■■ ■ the finding of desertion to one of absence without leave. The rationale relied upon by the board may be found in the following language:

"We do not think the mere proof of the inception of an unauthorized absence and the termination of the absence by apprehension, is sufficient to prove beyond a reasonable doubt the requisite intent to desert. In this case the court had before it only evidence of an unauthorized absence for about one hundred and twelve days. No evidence was before the court indicating the condition of the absence. Mere length of absence will not justify the court to draw an inference of intent."

This verbiage, as we understand it, is no more than a holding that, as a matter of law, an intent to remain away permanently may not be inferred by a reasonable court member from an absence of one hundred and twelve days terminated by apprehension.

In reaching that decision the board first observed that the only evidence presented to the court-martial was evidence of an unauthorized absence of one hundred and twelve days, and that "mere length of absence will not justify the court to draw an inference of intent." This, of course, amounts to saying that the court-martial erred in returning a finding of guilty of desertion on the evidence presented to it. That is tantamount to a holding that, as a matter of law, the evidence is insufficient to sustain the finding. Phrased differently, the board was expressing the view that no reasonable man could believe that this accused intended to remain away permanently when the evidence showed that he had been absent without leave for over three months and then was apprehended, rather than returning voluntarily.

The board of review went on to spell out quite clearly why it believed the evidence to be insufficient. It quoted the following provision of the Manual (Manual for Courts-Martial, United States, 1951, paragraph 164a, page 313):

"If the condition of absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone an intent to remain absent permanently."

Thereafter, the board launched into an analysis of such words as "much" and "prolong" and concluded that the Government should have presented evidence to show whether this absence was "prolonged" or "much prolonged." Of course, an absence is "much prolonged" if a reasonable person could so regard it, and here such a person could, but of more immediate importance is the fact that this is a legal argument, not a factual one. Here the board was arguing that the court-martial had an insufficient base to support an inference of the requisite intent, which is a legal question. Its

members did not assert that they personally were not convinced beyond a reasonable doubt that the accused intended to remain away permanently, a factual matter which would have been within their domain. No doubt we could go on and recite other features of the board's opinion which support our view, but we believe enough has been said to render it obvious that, fairly interpreted, this holding by the board of review was intended to be one of law. Accordingly, counsel's assertion that we are powerless to consider the question must be overruled.

## IV

Turning now to the substance of the second certified issue, we will assume for the moment that the board members exercised only their right to find facts and concluded that the evidence was insufficient to convince them beyond a reasonable doubt that the accused had entertained an intent to remain away permanently. If that was this case, we would be faced with a situation where two fact-finding bodies differed on the inference to be drawn from a given state of facts. Because reasonable men might differ, we could not conclude the board erred.

We have ever been loath to interfere with the exercise by a board of review of its fact-finding powers. Heretofore, in doubtful cases we have demanded that boards clearly indicate whether they are making a factual or legal determination. If the former, we may with propriety only insist that the finding be one which a reasonable man could reach. Applied to this case, we are unwilling to say that no reasonable man could believe that this accused did not intend to desert. In other words, we do not believe that all reasonable men would agree that Hendon intended to remain away permanently. Some reasonable men could so believe, most reasonable men would, but we cannot

say that all would be impelled to do so. Therefore, had the board exercised its fact-finding power to reach the result presented to us, we could not hold that it had abused that power.

The second certified question must be answered negatively, for the reason that the board did not exercise the power referred to by The Judge Advocate General of the Navy. If it had exercised the power in question, we would again answer the issue negatively.

The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Navy for reference to a board of review for further action in conformity with this opinion. That body may find as a matter of fact that the accused did not intend to remain away permanently, or that it has a reasonable doubt as to that element, or that the evidence is sufficient to sustain the conviction for desertion, as a matter of fact or of law.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

Personally, I am inclined to hold that the board of review actually exercised its fact-finding power in holding that there is a "lack of evidence to support the requisite intent." However, since the language of the board of review's opinion seems to throw some doubt on the basis of its action, I am willing to return the case to it for clarification. United States v Moreno, 5 USCMA 500, 18 CMR 124. I am also willing to allow the board of review to reconsider the entire case, if its initial decision was predicated solely upon matters of law. In so doing, I express no opinion whatever on whether some or "most reasonable men would" find from the evidence that the accused intended to remain away permanently.