UNITED STATES, Appellee

v

PATRICK W. ROSE, Chief Machinist's Mate,
U. S. Navy, Appellant

8 USCMA 441, 24 CMR 251

No. 9641

Decided November 22, 1957

*Commander H. H. Brandenburg*, USN, argued the cause for Appellant, Accused. With him on the brief was *Commander Earl C. Collins*, USN.

*Major Verne L. Oliver*, USMC, argued the cause for Appellee, United States. With him on the brief was *Commander Guilbert W. Martin*, USN.

Opinion of the Court

HOMER FERGUSON, Judge:

In October 1955, the accused, Chief Machinist's Mate Patrick W. Rose, was detailed as Petty Officer in Charge of the Forces Afloat Automobile Hobby Shop located on Navy Field in the City of San Diego, California. The Hobby Shop was patronized by service personnel desiring to do automobile repair work. Such personnel were furnished with space, tools and the advice and assistance of Navy personnel assigned to this duty. When the required work was beyond the capacity of the individual patron, arrangements were made with commercial garages to perform the repairs. Services rendered by these civilian repair firms resulted from contractual agreements with the owner. The Hobby Shop was assigned the responsibility of supervising such agreements to insure that service personnel were fairly treated and to advise personnel with respect to contracting for such services.

One of the commercial firms in particular had received a considerable

**441**

amount of work through the Hobby Shop. Shortly after the accused was assigned to this duty, an agreement was entered into between himself and a representative of the firm whereby the accused would be paid twenty per cent of the gross receipts of the business obtained through the Hobby Shop. After a month's operation the accused received the sum of $75.00 pursuant to this agreement. The firm's representative had previously reported the negotiations relating to the proposed "kickbacks" to the Office of Naval Intelligence and the accused was immediately apprehended after receiving the money. In his trial before a general court-martial he was convicted of two specifications under Article 134, Uniform Code of Military Justice, 10 USC § 934, alleging the wrongful and unlawful request and receipt of money from the representative of the civilian firm "as compensation for services to be rendered by him, the said Rose, in relation to an official matter in which the United States was and is interested, to wit: the procurement of automotive parts and services from said company."

The appellant seeks reversal of his conviction on the ground that he was prejudiced by the denial of his request for counsel following his apprehension. Immediately after receiving the money from the firm's representative, he was apprehended by agents of the Office of Naval Intelligence. Before being interrogated, he was advised of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831. While being questioned the accused said, "I would like to call my attorney, it will only take a matter of a couple of seconds and he will be right down." The agents informed him that he could not. At trial, one of the agents testified that after the accused had been informed that he could not have counsel, "Nothing further was said" and he proceeded to make a statement. The agent further offered the information that "until a man is charged he is not—he has no right of counsel." On cross-examination, when asked the basis for that statement the agent replied, "I am embarrassed that I don't know the—where that appears, but I have been so told."

The accused's pretrial statement, in which he substantially admitted the allegations contained in the specifications, was subsequently introduced in evidence.

The precise issue here presented was recently before the Court in United States v Gunnels, 8 USCMA 130, 23 CMR 354. The accused there, after being advised of his rights under Article 31, supra, was interrogated by agents of the Office of Special Investigations. He refused to make a statement until he had been afforded an opportunity to consult with counsel. After an unsuccessful effort to obtain legal advice from the staff judge advocate's office, he was again questioned and gave answers which were subsequently made the basis of a charge of making a false official statement. In reversing the conviction because of the staff judge advocate's erroneous advice to the accused respecting the question of his entitlement to counsel, we held that though one may not have a right to appointed counsel because no charge has been lodged against him, he is not thereby precluded from obtaining necessary legal advice. One suspected of an offense in the military has a right to consult with a lawyer of his own choice or with the staff judge advocate.

The Government places great reliance on the case of United States v Moore, 4 USCMA 482, 16 CMR 56, where the Court held that "no right exists to be provided with appointed military counsel prior to the filing of charges." Similar reliance was made in the Gunnels case, supra, where the Court, in distinguishing the holding in the Moore case, supra, said:

"A criminal proceeding, however, must be distinguished from an investigation by a law enforcement agent. Only in the former instance does the right to assigned counsel exist. Thus, in United States v Moore, 4 USCMA 482, 486, 16 CMR 56, we pointed out that under the Uniform Code an accused is not entitled to 'appointed military counsel prior to the filing of charges' against him. *The distinction between a criminal proceeding and an investigation*

*does not, however, mean that a person suspected of the commission of a crime can be precluded from consulting counsel.* The belief entertained by the Staff Judge Advocate and the investigating officers in this case that such a prohibition exists is wholly wrong. *One may not have a right to appointed counsel because no charge has been lodged against him, but he is not thereby precluded from obtaining necessary legal advice.* Even in an administrative proceeding, Congress has directed that a 'person compelled to appear . . . before any agency or representative thereof shall be accorded the right to be accompanied . . . and advised by counsel.' 5 USC § 1005(a). We, therefore, strongly condemn the practice, which appears to be common in the military, of telling a suspect that he cannot consult with counsel in connection with an interrogation by enforcement agents. A suspect has no right to the appointment of military counsel, but he most assuredly has a right to consult with a lawyer of his own choice or with the Staff Judge Advocate. Cf. Rule 5(b), Federal Rules of Criminal Procedure. We also condemn, therefore, the Staff Judge Advocate's order to his assistants to refrain from advising the accused if he sought their counsel." [Emphasis supplied.]

In the instant case the fact is not disputed that the accused, during his interrogation by Government agents, had requested the opportunity to contact his attorney and that such request was denied. This was error and rendered the accused's subsequent statement inadmissible. In view of our holding, we find it unnecessary to reach the appellant's remaining contention. The decision of the board of review is reversed. A rehearing may be ordered.

Chief Judge QUINN concurs.

Judge LATIMER dissents.