UNITED STATES, Appellant

v

FRED E. WHEATON, Airman Third Class, U. S. Air Force, Appellee

9 USCMA 257, 26 CMR 37

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

No. 11,084

Decided May 16, 1958

■■■■■■■■■■■■■■■■■■■■■■

Captain John W. Fahrney argued the cause for Appellant, United States. With him on the brief was Lieutenant Colonel Robert W. Michels.

Lieutenant Colonel Philip J. Williamson argued the cause for Appellee, Accused. With him on the brief was Lieutenant Colonel Ellis L. Gottlieb.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A board of review set aside the accused's conviction for embezzlement, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, on the ground that evidence of a pretrial statement made by him to agents of the Office of Special Investigations was inadmissible. The board of review concluded from the evidence that the accused had been misinformed of his right to consult with counsel in connection with his interrogation by the agents. See United States v Rose, 8 USCMA 441, 24 CMR 251; United States v Gunnels, 8 USCMA 130, 23 CMR 354. The Judge Advocate General of the Air Force certified the following question for our consideration:

"Was the Board of Review correct in holding that the advice to the accused that he was not entitled to counsel during investigation prior to preferment of charges constituted reversible error under the circumstances of this case?"

At the trial, defense counsel did not object to admission of the accused's statement. However, the ■■■■■ accused took the stand "for ■■■■■ the limited purpose of testifying as to this—the voluntariness and admissibility" of the statement. Moreover, defense counsel moved to dismiss the charges because of misadvice given to the accused regarding his right to consult counsel. Since the error affects only the admissibility of testimony obtained during the interrogation, the nature of the relief sought was wrong. See United States v Nichols, 8 USCMA 119, 23 CMR 343. But the board of review properly considered the motion according to its substance, not its label. In view of the accused's testimony and the defense motion, the failure to object specifically to the admission in evidence of the pretrial statement did not constitute a waiver of the accused's right to object. See United States v Smith, 7 USCMA 102, 21 CMR 228.

One of the major aspects of the accused's claim of error before the board of review concerns the relation between

**258**

■■■■■■■■

his first interrogation by an Air Police Sergeant and later interrogations by the Office of Special Investigations agents which resulted in the making of the incriminating statement admitted into evidence. According to the accused's testimony, he was first questioned by an Air Police Sergeant. He asked the sergeant if he could "have any kind of counsel," and was informed that he was "not allowed to have counsel at that time." From then on, he concluded that he was not entitled to counsel. Consequently, when he was later questioned by an Office of Special Investigations agent he "didn't ask him for it then." Finally, the accused testified that he was fully advised of his rights under Article 31; and he gave an affirmative answer to trial counsel's question as to whether he "just made a voluntary statement."

It is arguable that the accused was simply informed that he had *no right to appointed counsel* as distinguished from *no right to consult counsel*. United States v Gunnels, supra. See also United States v Melville, 8 USCMA 597, 25 CMR 101. However, the board of review construed the evidence as affirmatively indicating that the accused was misinformed as to his right to "the benefit of counsel." We cannot say as a matter of law that the board of review's finding has no support in the record of trial. United States v Moreno, 6 USCMA 388, 20 CMR 104; cf. United States v Waymire, 9 USCMA 252, 26 CMR 32.

The certified question is answered in the affirmative. The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER dissents.